THE STATE EX REL. OHIO AFL–CIO ET AL. *v.* VOINOVICH, GOVERNOR, ET AL.

THE STATE EX REL. GELTZER *v.* VOINOVICH, GOVERNOR, ET AL.

THE STATE EX REL. UNITED AUTO AEROSPACE & AGRICULTURAL WORKERS OF AMERICA ET AL. *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 1208.]

(Nos. 93–2057, 93–2059 and 93–2060—Submitted April 19, 1994—Decided April 29, 1994.)

*Stewart Jaffy & Associates Co., L.P.A., Marc J. Jaffy* and *Stewart R. Jaffy,* for relators in case No. 93–2057.

*Rishel, Myers & Kopech* and *James L. Rishel,* for relator in case No. 93–2059.

*Esther S. Weissman Co., L.P.A.,* and *Esther S. Weissman,* for relator in case No. 93–2060.

*Lee Fisher,* Attorney General, *Richard A. Cordray,* State Solicitor, *Andrew S. Bergman* and *James M. Harrison,* Assistant Attorneys General, for respondents in case Nos. 93–2057, 93–2059 and 93–2060.

*Porter, Wright, Morris & Arthur* and *Kathleen M. Trafford,* Special Counsel, for intervening respondent Ohio Bureau of Workers' Compensation in case No. 93–2060.

*Gallon & Takacs Co., L.P.A.,* and *Theodore A. Bowman,* urging granting of writ for *amicus curiae,* Ohio Academy of Trial Lawyers in case No. 92–2057.

*Vorys, Sater, Seymour & Pease, John C. Elam* and *Robert N. Webner,* urging denial of writ for *amici curiae,* Ohio Manufacturers Association, Ohio Self–Insurers Association, Ohio Council of Retail Merchants, Ohio Chamber of Commerce, National Federation of Independent Business, Ohio Farm Bureau Federation, Ohio Business Roundtable and Council of Smaller Enterprises in case Nos. 93–2057, 93–2059 and 93–2060.

This cause came on for further consideration and upon consideration thereof,

IT IS ORDERED by the court that the requests for clarification be, and the same are hereby, granted.

IT IS FURTHER ORDERED by the court that the effect of the stay granted in the court's decision of April 8, 1994, 69 Ohio St.3d 225, 631 N.E.2d 582, is to require the Ohio Bureau of Workers' Compensation and the Industrial Commission of Ohio to continue operations under the status quo as it existed on April 8, 1994, staying only the programs authorized, but not yet implemented, under Am.Sub.H.B. No. 107.

IT IS FURTHER ORDERED by the court that the effect of the stay granted in the court's decision of April 8, 1994 is to require that the Industrial Commission of Ohio be composed of those members holding office as of April 8, 1994.

IT IS FURTHER ORDERED by the court that, with regard to the referendum question, the parties are referred to Section 1c, Article II of the Ohio Constitution.

IT IS FURTHER ORDERED by the court that this entry shall constitute the response of the court to all motions and responses to motions filed in this cause since April 8, 1994.

MOYER, C.J., DOUGLAS, WRIGHT and RESNICK, JJ., concur.

A.W. SWEENEY, F.E. SWEENEY and PFEIFER, JJ., dissent and join the dissenting opinion of F.E. SWEENEY, J.

FRANCIS E. SWEENEY, SR., J., dissenting. I respectfully dissent from the entry in mandamus and prohibition signed by Chief Justice Moyer this date.

In granting the stay, the majority recognized that the citizens of Ohio had been foreclosed from the opportunity to seek a referendum on this law. As such, the stay ordered by this court by its decision of April 8, 1994 reverts the law to the status as it existed before Am.Sub.H.B. No. 107.

All orders issued by the Bureau of Workers' Compensation ("bureau") and the Industrial Commission ("commission") or its hearing officers or regional board members through April 8, 1994 should remain in effect. Appeals which have been filed but not heard or scheduled for hearing should be treated as appeals to the next level under the pre-Am.Sub.H.B. No. 107 statutes.

Orders which the Industrial Commission hearing officers have prepared or would have prepared as a result of hearings held before the date of this court's order should be issued.

Previously scheduled hearings should not be cancelled or suspended, and should be heard according to the schedule. Appeals should be to the next step of the process as it existed prior to Am.Sub.H.B. No. 107.

Payments of compensation under orders previously issued should not be suspended absent a hearing after a properly filed appeal and then only on reversal of the order of compensation.

The five-member Industrial Commission is immediately responsible for the operation of the Industrial Commission. The newly appointed three-member commission should be stayed from any and all activity involving in any way the direction of the operation of the Industrial Commission or the enforcement of the Workers' Compensation Act. Any actions taken by the three-member commission on or after April 8, 1994 should be null and void.

Should the referendum petition not obtain the necessary signatures the nominating committee, the task force, the Industrial Commission (three members) and the newly appointed bureau board members should remain in effect as presently constituted and those persons duly appointed may resume their duties; but, in the interim, all of the persons involved in the aforesaid should cease and desist from any and all activity involving their duties.

All settlements made through April 8, 1994 under Am.Sub.H.B. No. 107 should be treated as settled unless specifically disapproved by the Industrial Commission within thirty days of the date of this court order.

The bureau should cooperate with the Industrial Commission in the return of files involving pending settlements pre-Am.Sub.H.B. No. 107, and such settlements should be processed by the Industrial Commission, including hearings held and orders issued within sixty days of this court's order.

All regional board support staff currently employed by the Industrial Commission or Bureau of Workers' Compensation should be assigned back to their duties with the regional boards.

All orders issued on or after April 8, 1994 by district hearing officers are appealable to the regional boards and from there to the Industrial Commission. All orders issued by staff hearing officers as a result of hearings held on or after the date of April 8, 1994 should be treated as though they issued from a regional board and should be appealable to the Industrial Commission. The Industrial Commission should consider all appeals pending from staff hearing officers' orders and either grant or deny the appeal, or refuse to take the appeal. The time for appeal to court in all such cases runs from the date of receipt of the order of the commission refusing the appeal, or the final decision of the commission adjudicating the merits of the appeal.

All orders of the bureau issued after April 8, 1994 should be considered as tentative orders and processed under the provisions of R.C. 4123.514.

A.W. SWEENEY and PFEIFER, JJ., concur in the foregoing dissenting opinion.