SALLACH, Admr., Appellee and Cross-Appellant; Xerox
Corporation, Appellant and Cross-Appellee,

v.

UNITED AIRLINES, INC. et al.

[Cite as *Sallach v. United Airlines, Inc.* (1997), 121 Ohio App.3d 89.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE09–1236.

Decided June 30, 1997.

*Clark, Perdue, Roberts & Scott* and *Paul O. Scott*; *Frank J. Macke*, for plaintiff-appellee/cross-appellant.

*Buckingham, Doolittle & Burroughs, Reginald S. Kramer, Eleanor J. Tschugunov* and *John R. Chlysta*, for plaintiff-intervenor-appellant/cross-appellee.

LAZARUS, Judge.

Plaintiff-intervenor, Xerox Corporation, appeals from a judgment of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Carol Ann Sallach ("Sallach"), on Xerox's subrogation claim. We affirm for the reasons that follow.

On January 7, 1994, William Alvin Sallach, a passenger on United Express Flight 6291, was killed when the plane crashed in Franklin County. He had been traveling within the course and scope of his employment with Xerox Corporation, a self-insured employer under Ohio workers' compensation law. Xerox paid appellee Carol Ann Sallach, decedent's wife, $964 in workers' compensation benefits every two weeks, and Xerox is obligated to continue such payment until she remarries or dies. As of January 29, 1996, Xerox had paid her $52,056 in workers' compensation benefits.

Sallach, as administrator of her husband's estate, brought this wrongful death and survivorship action against United Airlines, Inc., Atlantic Coast Airlines, Inc., d.b.a. United Express, and others. Xerox intervened as a plaintiff, asserting a right to subrogation under former R.C. 4123.93.[1] Sallach then settled with the

---

1. By Am.Sub.H.B. No. 278, effective September 29, 1995, former R.C. 4123.93 was repealed and a substantially different subrogation statute was enacted as R.C. 4123.93 and 4123.931.

defendants, releasing them from any further liability. Neither the settlement agreement nor any other evidence indicates that the parties allocated any fraction of the settlement amount to any particular claim or claimant. One-third of the settlement amount went to Sallach's attorneys, and about three percent went to pay litigation costs. Sallach agreed to disburse an undisclosed amount of the balance to the other wrongful death statutory beneficiaries, the sister and aunt of the decedent.

After a trial to a magistrate on Xerox's subrogation claim, the magistrate's decision was to grant judgment to Sallach. The trial court overruled all objections to the magistrate's decision and made the following findings of fact and conclusions of law: (1) former R.C. 4123.93, contained in Am.Sub.H.B. No. 107, was effective October 20, 1993, prior to the accident; (2) it is unknown what portion of the settlement amount was allocated to decedent's lost wages; (3) applying former R.C. 4123.93 to this wrongful death case would violate the public policy behind the wrongful death statute—compensating the wrongful death statutory beneficiaries; and (4) in any event, former R.C. 4123.93 is not applicable in wrongful death actions.

Appellant Xerox asserts one assignment of error:

"The trial court erred in overruling Xerox Corporation's objections to the magistrate's decision and holding that Xerox Corporation is not entitled to exercise its subrogation rights under R.C. § 4123.93."

Appellee and cross-appellant Sallach asserts two assignments of error:

"1. The trial court committed reversible error in permitting intervening plaintiff–appellant Xerox Corporation to intervene in this action and in overruling plaintiff–appellee/cross–appellant's motion to dismiss the complaint of intervening plaintiff Xerox Corporation.

"2. The trial court erred in applying R.C. 4123.93 to this action when the statute is unconstitutional on its face and as applied to the facts of this case."

The question of the effective date of former R.C. 4123.93, a question arising from the Supreme Court's decision in *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 234–237, 631 N.E.2d 582, 589–592, clarified, 69 Ohio St.3d 1208, 632 N.E.2d 907, need not be addressed because we hold that the statute is inapplicable to this case even assuming that it was effective October 20, 1993.

Former R.C. 4123.93 provided:

"(B) * * * [A] self-insuring employer, for the amount of compensation and benefits paid *to or on behalf of his employee* for an injury or occupational disease that is compensable under this chapter or Chapter 4121., 4127., or 4131. of the

Revised Code, less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action, [is] subrogated to all of the rights *of that employee* against a third-party tortfeasor involving that compensable injury or disease.

" * * *

"(D) The right of subrogation which inures to the benefit of the * * * self-insuring employer under division (B) of this section is automatic and applies only if *the employee* is a party to an action involving the third-party tortfeasor." (Emphasis added.)

For two reasons, we conclude that the subrogation rights created by former R.C. 4123.93 did not include a right of subrogation for payments made for wrongful death or survivorship claims. First, the statute limited subrogation to the rights of "that employee" against a third-party tortfeasor. Because a wrongful death claim is a claim belonging to the wrongful death statutory beneficiaries and not the decedent, the employer cannot be a subrogee as to a wrongful death claim. Second, the statute applies "only if the employee is a party to an action involving the third-party tortfeasor." Because a decedent cannot be a party to an action, the employer cannot be a subrogee as to either a wrongful death or a survivorship claim. Although a survivorship claim is based on the rights of the decedent, the decedent is not a party to the action. We will not broadly interpret the word "employee" in former R.C. 4123.93(D) to include the decedent's estate. R.C. 4123.01(A) defines "employee" as used in R.C. Chapter 4123 as meaning the worker individually, not the worker's estate. In *State ex rel. Nicholson v. Copperweld Steel Co.* (1996), 77 Ohio St.3d 193, 196–197, 672 N.E.2d 657, 660–661, the Supreme Court noted that the right to death benefits under R.C. 4123.59 and the right of a deceased worker's dependents to compensation the worker should have received before death are rights belonging to the survivors and are independent of any rights the decedent worker had. Because this distinction is recognized within the Workers' Compensation Act, we do not interpret "employee" in former R.C. 4123.93(D) to include either the worker's estate or survivors.

For these reasons, Xerox's assignment of error is overruled, and both of Sallach's assignments of error are therefore rendered moot. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

REILLY, J., concurs.

DESHLER, J., concurs separately.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

DESHLER, Judge, concurring separately.

While I concur with the greater part of the majority's decision and in the judgment generally, I write separately in order to more fully explain my view of this case, which I feel presents a number of significant issues.

Initially I would note that the trial court's decision in this matter mischaracterizes the action as one by the employer against *the proceeds* of the settlement agreed to by the decedent's widow in her claims against United Airlines. The action is in fact one brought by Xerox, as subrogee, against United Airlines, with the decedent's widow defending only in her capacity as assignee of United Airlines' defenses, pursuant to the terms of the settlement reached between the decedent's widow and the airline. This mischaracterization caused the trial court to digress into an inapposite examination of the public policy rationale underlying Ohio's wrongful death statute, rather than an examination of the statute truly at issue in this case, that granting an employer the right of subrogation for workers' compensation benefits paid. This of itself does not vitiate the trial court's decision because there are other grounds for affirmance in this matter.

I fully agree with the majority's conclusion that former R.C. 4123.93 simply does not provide a right of subrogation for an employer in a wrongful death action brought by an employee's statutory beneficiaries against a third-party tortfeasor. A wrongful death action does not meet the prerequisites for subrogation under former R.C. 4123.93, that is, that subrogation is coextensive to the rights of the employee against the tortfeasor, and that the employee must be a party to the action involving the tortfeasor.

A wrongful death action brought pursuant to R.C. 2125.01 *et seq.* is a civil remedy, in derogation of common law, to compensate statutory beneficiaries for the wrongful death of the decedent. Ohio's statutory wrongful death action is not intended to compensate the decedent's estate for his own personal injury, pain, and suffering, and damages awarded in the action therefore do not flow to the estate, but are to be distributed directly to the beneficiaries. *Tennant v. State Farm Mut. Ins. Co.* (1991), 81 Ohio App.3d 20, 610 N.E.2d 437. The statutory wrongful death action is for the exclusive benefit of the surviving spouse, children, and other statutorily designated beneficiaries of the decedent, rather than a right of the decedent; under the workers' compensation subrogation law as it read at the time applicable to this case, the employer's right to subrogation did not extend to a wrongful death action against the tortfeasor, because that wrongful death action was not a right possessed by the employee.

I do not agree, however, with the majority's holding that former R.C. 4123.93 is not applicable in wrongful death *and survivorship claims* because the deceased employee is not a party to any action. The survivorship action presents a different legal posture from the wrongful death action. I do not believe that the same rationale can be applied to exclude a right of subrogation in survivorship actions, nor that the same result would necessarily obtain. I concur in the majority's affirmance of the trial court decision, however, even with this caveat, because I believe that appellant has effectively waived the question of whether a subrogation right exists in a survivorship action through a failure to argue this distinction in connection with this appeal. The complaint filed by the decedent's widow included both a wrongful death and survivorship claim. The trial court decision in this matter, while finding no right of subrogation on the part of the employer, discusses only the wrongful death claim without reference to the survivorship action. Appellant has made no argument regarding this aspect of the trial court's decision and does not assign specific error relating to this issue. The matter being entirely unbriefed by either party in this respect, I agree with the majority that a holding on the issue of the existence of subrogation to a survivorship action would be inappropriate either in the affirmative or negative and thus a reversal of the trial court on this basis even less appropriate.

Accordingly, I would affirm the trial court's decision, but avoid any pronouncement as to whether a right of subrogation under former R.C. 4123.93 exists for an employer on the basis of the deceased employee's survivorship action against the tortfeasor. Furthermore, I am unable to agree with the majority's application of *State ex rel. Nicholson v. Copperweld Steel Co.* (1996), 77 Ohio St.3d 193, 672 N.E.2d 657, to this matter. The majority appears to find that a right of subrogation does not exist because the workers' compensation benefits paid in this case were paid to the workers' widow, and thus the amounts paid by the employer were not paid "to or on behalf of the employee" under former R.C. 4123.93(B). I believe that amounts paid to the employee's family as survivorship benefits should in fact qualify as "benefits paid to or on behalf of the employee."