HYAMS et al., Appellants,

v.

BUREAU OF WORKERS' COMPENSATION et al., Appellees.

[Cite as *Hyams v. Ohio Bur. of Workers' Comp.* (1998), 126 Ohio App.3d 755.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73102.

Decided March 23, 1998.

*Michael P. Butler,* Cuyahoga County Assistant Prosecuting Attorney, for appellants.

*Betty D. Montgomery,* Attorney General, *Marcia J. Macon* and *Nora E. Jones,* Assistant Attorneys General, for appellees.

MICHAEL J. CORRIGAN, Judge.

Douglas Hyams et al., plaintiffs-appellants, appeal the decision of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of the Bureau of Workers' Compensation et al., defendants-appellees. · Plaintiffs-appellants assign two errors for review concerning the applicability of R.C. 4123.93 and the sufficiency of appellees' motion for summary judgment. For the following reasons, we reverse the judgment of the trial court and remand this cause for further proceedings.

On July 20, 1993, the Ohio House and Senate voted on and passed Am.Sub.H.B. No. 107, which transformed the structure of the Workers' Compensation administration and delivery system. The bill included a number of appropriation and nonappropriation provisions that amended substantive sections of the Ohio Revised Code dealing with workers' compensation. The bill was signed into law by the Governor of Ohio on July 21, 1993.

One of the substantive changes to the workers' compensation system was R.C. 4123.93, which provides the right of subrogation to the administrator, employer and/or self-insuring employer against an employee who was a party to an action involving third-party tortfeasors. The effective date for this nonappropriation provision was October 20, 1993.[1]

---

1. Appropriation provision were to take effect when the Governor signed the bill on July 21, 1993.

On October 15, 1993, the Ohio AFL–CIO filed three original actions in mandamus and prohibition with the Ohio Supreme Court challenging the constitutionality of Am.Sub.H.B. No. 107. *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 225, 631 N.E.2d 582 (*"Voinovich I "*). Relators argued, among other things, that the bill denied the citizens of the state their right to a referendum under Section 1, Article II of the Ohio Constitution.

The court granted relators' request for a writ of mandamus on that issue. After overruling their prior decision of *State ex rel. Riffe v. Brown* (1977), 51 Ohio St.2d 149, 5 O.O.3d 125, 365 N.E.2d 876, the court stated:

"We are mindful that in the case before us today the General Assembly did provide for a ninety-day delay before the nonappropriation provisions of Am.Sub. H.B. No. 107 would take effect. Our decision in *Riffe,* however, appears to have foreclosed any meaningful opportunity for the citizens of this state to circulate a petition for a referendum on Am.Sub.H.B. No. 107. We therefore stay the nonappropriation provisions of Am.Sub.H.B. No. 107 for a period of ninety days from the date of this decision. During the ninety-day period, relators may undertake to submit to the Secretary of State a petition for a referendum on the provisions of Am.Sub.H.B. No. 107 that change the permanent law of the state." 69 Ohio St.3d at 236, 631 N.E.2d at 591.

That case was decided on April 8, 1994. In response to the Ohio Supreme Court's order, the respondents filed an emergency motion for clarification. The court responded with *State ex rel. Ohio AFL–CIO v. Voinovich* (1994), 69 Ohio St.3d 1208, 632 N.E.2d 907 (*"Voinovich II "*), in which they stated:

"IT IS ORDERED by the court that the requests for clarification be, and the same are hereby, granted.

"IT IS FURTHER ORDERED by the court that the effect of the stay granted in the court's decision of April 8, 1994, 69 Ohio St.3d 225, 631 N.E.2d 582, is to require the Ohio Bureau of Workers' Compensation and the Industrial Commission of Ohio to continue operations under the status quo as it existed on April 8, 1994, staying only the programs authorized, but not yet implemented under Am.Sub.H.B. No. 107.

"IT IS FURTHER ORDERED by the court that the effect of the stay granted in the court's decision of April 8, 1994 is to require that the Industrial Commission of Ohio be composed of those members holding office as of April 8, 1994.

"IT IS FURTHER ORDERED by the court that, with regard to the referendum question, the parties are referred to Section 1c, Article II of the Ohio Constitution." *Id.* at 1209, 632 N.E.2d at 907.

Section 1c, Article II of the Ohio Constitution describes the power of referendum:

"The second aforestated power reserved by the people is designated the referendum, and the signatures of six per centum of the electors shall be required upon a petition to order the submission to the electors of the state for their approval or rejection, of any law, section of any law or any item in any law appropriating money passed by the general assembly. *No law passed by the general assembly shall go into effect until ninety days after it shall have been filed by the governor in the office of the secretary of state, except as herein provided.* When a petition, signed by six per centum of the electors of the state and verified as herein provided, shall have been filed within the secretary of state within ninety days after any law shall have been filed by the governor in the office of secretary of state, ordering that such law, section of such law or any item in such law appropriating money be submitted to the electors of the state for their approval or rejection, the secretary of state shall submit to the electors of the state for their approval or rejection such law, section or item, in the manner herein provided, at the next succeeding regular or general election in any year occurring subsequent to sixty days after the filing of such petition, and no such law, section or item shall go into effect until and unless approved by a majority of those voting upon the same. If, however, a referendum petition is filed against any such section or item, the remainder of the law shall not thereby be prevented or delayed from going into effect." (Emphasis added).

The cause of action in this case accrued on July 5, 1994. On that date, while operating an unmarked police car, Douglas Hyams, plaintiff-appellant, suffered severe personal injuries in an automobile accident caused by a third party. A civil claim filed against the tortfeasor was subsequently settled and dismissed.[2]

The Bureau of Workers' Compensation, defendant-appellee, asserted a claim for subrogation pursuant to R.C. 4123.93. However, appellants argued that due to the Ohio Supreme Court's decisions in *Voinovich I* and *II*, the right to subrogation did not go into effect until July 8, 1994, which was three days after the automobile accident. Unable to resolve this issue, appellants received notice on December 30, 1996 that the parties were at an impasse.

On January 17, 1997, appellants filed a complaint for declaratory judgment concerning the effective date of R.C. 4123.93. Appellees answered, counter-claimed, cross-claimed, and moved for summary judgment, arguing the effective date of R.C. 4123.93 is October 20, 1993.

On August 4, 1997, the trial court granted appellees' motion for summary judgment. The trial court also granted summary judgment in favor of appellees on the counterclaim in the amount of $17,097.98. The cross-claim was denied as moot. Appellants timely filed this appeal.

---

2. Linda Hyams, plaintiff-appellant, asserted a marital interest in the cause of action.

For their first assignment of error, appellants argue:

"I. By declaring the effective date of O.R.C. 4123.93 to be October 20, 1993, the court committed error in granting summary judgment in favor of the Bureau of Workers' Compensation."

Civ.R. 56 provides that summary judgment may be granted only after the trial court determines (1) no genuine issues as to any material fact remain to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265, 278; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.

In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio State Supreme Court clarified the summary judgment standard as applied in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under *Dresher*, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." *Id.* at 296, 662 N.E.2d at 276. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. *Id.* at 293, 662 N.E.2d at 273–274. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. *Id.*

In the case *sub judice*, appellants argue that since R.C. 4123.93 is a nonappropriation statute, its effective date was stayed ninety days from April 8, 1994 (the decision date of *Voinovich I* ). Since appellant was injured on July 5, 1994, the right to subrogation created in R.C. 4123.93 was not in effect. We agree.

Through unambiguous terms, the Ohio Supreme Court in *Voinovich I, supra,* stayed the effective date of nonappropriation provisions of Am.Sub.H.B. No. 107, such as R.C. 4123.93, for ninety days from April 8, 1994. This was the result of

overruling their prior decision of *State ex rel. Riffe v. Brown, supra,* which they believed "foreclosed any meaningful opportunity for the citizens of the state to circulate a petition for a referendum on Am.Sub.H.B. No. 107." *Voinovich I,* 69 Ohio St.3d at 236, 631 N.E.2d at 591. Accordingly, *Voinovich I* stayed the effective date of R.C. 4123.93 until July 8, 1994.

Appellees respond by arguing that *Voinovich II* was issued to clarify the court's previous decision and that the first provision in *Voinovich II* does not alter the effective date of R.C. 4123.93 but merely continued operations under the status quo as they existed on April 8, 1994. The stay, appellees argue, applies only to those programs authorized but not yet implemented. While this is an accurate reflection of the first provision of *Voinovich II,* we find that it is inapplicable to this case.

The first provision in *Voinovich II,* which continued operations under the status quo, was in direct response to the first of three issues submitted in the emergency motion for clarification.[3] The first issue submitted for clarification concerned the operational and/or administrative aspects of Am.Sub.H.B. No. 107, including the processing of claims. The second issue submitted concerned the effect of the stay on the number of officers in the Industrial Commission. The third issue submitted for clarification concerned whether the stay would continue in effect if a referendum were placed on the November 1994 ballot.

It is clear from a reading of *Voinovich II,* 69 Ohio St.3d 1208, 632 N.E.2d 907, that the court's decision is in direct response to these three issues submitted in the emergency motion for clarification respectively. Accordingly, the stay requiring the Ohio Bureau of Workers' Compensation and the Industrial Commission to continue operations under the status quo as it existed on April 8, 1994 concerns only *operational programs* that were authorized, but not yet implemented. Appellees' argument that R.C. 4123.93 constitutes a "program" to enforce subrogation rights is unpersuasive.

With regard to the referendum question (which directly relates to nonappropriation provisions such as R.C. 4123.93), *Voinovich II* merely referred to the language of Section 1c, Article II of the Ohio Constitution, which sets forth the power of referendum. Nothing in *Voinovich II* substantiates a deviation from the clear and unambiguous language of *Voinovich I* implementing a ninety-day stay on the effective date of nonappropriation provisions from April 8, 1994.

Our conclusion is supported by this court's decision in *Murphy v. Clarklift of Cleveland* (May 22, 1997), Cuyahoga App. No. 71103, unreported, 1997 WL 272373. In that case, an employee was injured during the scope of his employ-

---

**3.** The emergency motion for clarification was attached to appellants' motion in opposition to summary judgment.

ment on January 28, 1994 and received workers' compensation benefits from his self-insured employer. When the employee subsequently sued a third party for proximately causing his injuries, the self-insured employer moved to intervene asserting its right to subrogation under R.C. 4123.93 for the amount of workers' compensation benefits it had paid. The self-insured employer argued the effective date of R.C. 4123.93 was October 20, 1993,

In construing the language of *Voinovich I* this court stated:

"It therefore is our conclusion that since the amendment to R.C. 4123.93 is a nonappropriation provision of Am.Sub.H.B. 107, which the Supreme Court stayed for a period of ninety days from April 8, 1994, the effective date of amended R.C. 4123.93 is July [8], 1994. Accordingly, the right of subrogation afforded [the self-insured employer] in that legislation did not exist on January 28, 1994, the date [the employee] sustained injuries giving rise to his suit against [the third party]."

Contrary to appellees' assertions, the substantive rights created by R.C. 4123.93 apply equally to both a self-insured employer and the Bureau of Workers' Compensation. That the Ohio Supreme Court referred only to the bureau and the Industrial Commission in the first provision of *Voinovich II* is consistent with our interpretation that the provision concerns the administrative and operational aspects of the workers' compensation system.

We therefore hold that pursuant to *Voinovich I* and *II*, the effective date of R.C. 4123.93 as it applies to the administrator (Bureau of Workers' Compensation), an employer, or a self-insuring employer is July 8, 1994. The trial court erred as a matter of law in granting summary judgment in favor of appellees.

Appellants' second assignment of error states:

"II. The court committed error in granting summary judgment on the defendants' counterclaim as there is a genuine issue of fact concerning whether the amount in question is subject to set off in consideration of pain and suffering, reasonable attorney fees and costs actually incurred by the employee."

Due to our disposition of the first assignment of error, appellants' second assignment has been rendered moot. See App. R. 12(A)(1)(c).

*Judgment reversed*
*and cause remanded.*

PATRICIA ANN BLACKMON, A.J., and SPELLACY, J., concur.