DECISION AND JUDGMENT ENTRY
This appeal is from the November 28, 2001 judgment of the Williams County Court of Common Pleas which denied the motion of appellant, Ohio Turnpike Commission ("Commission"), for release of funds held in escrow. Upon consideration of the assignments of error, we affirm the decision of the lower court.
This case has a long procedural history previously set forth by this court in Yoh v. Schlachter (Mar. 17, 2000), Williams App. No. WM-99-008. Richard Lee Yoh was killed in a motor vehicle accident in 1997 while acting within the scope of his employment for the Commission. Yoh was survived by Patsy Yoh, his wife, and their four children, one of whom was still a minor. Patsy Yoh is the administratrix of Yoh's estate and appellee in this case. Pursuant to R.C. 4123.59, appellee and her minor child received workers' compensation benefits as a result of Yoh's death. Appellee also brought suit to recover under several policies of insurance insuring the Commission and the tortfeasor. Appellee ultimately settled the case for $620,000.
The Commission is a self-insured employer for purposes of workers' compensation benefits. Therefore, it asserted its rights as a statutory subrogee under R.C. 4123.931, effective September 29, 1995, against any proceeds of the settlement. R.C. 4123.931 provided as follows:
"(A) The payment of compensation or benefits pursuant to this chapter or Chapter 4121., 4127., or 4131., of the Revised Code creates a right of subrogation in favor of a statutory subrogee against a third party. A statutory subrogee's subrogation interest includes past payments of compensation and medical benefits and estimated future values of compensation and medical benefits arising out of an injury to or disability or disease of a claimant.
"(B) A claimant shall notify a statutory subrogee of the identity of all third parties against whom the claimant has or may have a right of recovery. No settlement, compromise, judgment, award, or other recovery in any action or claim by a claimant shall be final unless the claimant provides the statutory subrogee with prior notice and a reasonable opportunity to assert its subrogation rights. If a statutory subrogee is not given that notice, the third party and the claimant shall be jointly and severally liable to pay the statutory subrogee the full amount of the subrogation interest.
"(C) The right of subrogation under this chapter is automatic, regardless of whether a statutory subrogee is joined as a party in an action by a claimant against a third party. A statutory subrogee may assert its subrogation rights through correspondence with the claimant and the third party or their legal representatives. A statutory subrogee may institute and pursue legal proceedings against a third party either by itself or in conjunction with a claimant. If a claimant disputes the validity or amount of an asserted subrogation interest, the claimant shall join the statutory subrogee as a necessary party to the action against the third party.
"(D) The entire amount of any settle-ment or compromise of an action or claim is subject to the subrogation right of a statutory subrogee, regardless of the manner in which the settlement or compromise is characterized. Any settlement or compromise that excludes the amount of compensation or medical benefits shall not preclude a statutory subrogee from enforcing its rights under this section. The entire amount of any award or judgment is presumed to represent compensation and medical benefits and future estimated values of compensation and medical benefits that are subject to a statutory subrogee's subrogation rights unless the claimant obtains a special verdict or jury interrogatories indicating that the award or judgment represents different types of damages.
"(E) Subrogation does not apply to the portion of any judgment, award, settlement, or compromise of a claim to the extent of a claimant's attorney's fees, costs, or other expenses incurred by a claimant in securing the judgment, award, settlement, or compromise, or the extent of medical, surgical, and hospital expenses paid by a claimant from the claimant's own resources for which reimbursement is not sought. No additional attorney's fees, costs, or other expenses in securing any recovery may be assessed against any subrogated claims of a statutory subrogee."
Appellee argued that the Commission's subrogation lien, under R.C.4123.931, was unconstitutional and unenforceable. In 1999, the trial court held that R.C. 4123.931 was constitutional and that the Commission had a valid subrogation interest in the settlement. It found that since April 1, 1999, the Commission had paid $38,087.41 in benefits. The trial court further found that the "estimated future value of compensation" was $275,095.41.
Appellee then sought an appeal to this court. We affirmed the Williams County Court of Common Pleas judgment that R.C. 4123.931 was constitutional. We also held that the Commission had a valid and enforceable right of subrogation in the amount of $313,182.82 against the proceeds of appellant's settlement of $620,000.
Appellee then appealed the case to the Ohio Supreme Court. Our decision was reversed and remanded without decision. Yoh v. Schlachter
(2001), 92 Ohio St.3d 234. The Commission's motion for reconsideration was denied on September 26, 2001. Yoh v. Schlachter (2001),93 Ohio St.3d 1434. The Ohio Supreme Court's ruling in the Yoh case was based upon its ruling in a companion case, Holeton v. Crouse CartageCompany (2001), 92 Ohio St.3d 115, 129. In the Holeton case, the Ohio Supreme Court found portions of R.C. 4123.931 facially unconstitutional under Article 1, Sections 16 and 19, Ohio Constitution and the Equal Protection Clause of Article I, Section 2, Ohio Constitution.
On remand, the Commission sought disbursement of the funds held in escrow under the prior subrogation statute, R.C. 4123.93, arguing that it was still effective after R.C. 4123.931 was declared unconstitutional. The Commission sought all workers' compensation benefits paid to appellee through September 26, 2001, the date appellee's appeal to the Ohio Supreme Court was concluded.
On November 21, 2001, the trial court denied the Commission's motion and ordered all the funds to be distributed to appellee. The Commission filed an appeal from this order. The Commission asserts the following sole assignment of error on appeal:
 "The trial court erred when it ordered that all funds held in escrow be disbursed to Plaintiff-Appellee and that the Defendant-Appellant Ohio Turnpike Commission had no valid subrogation interest in funds paid in Workers' Compensation Claim #97-481823."
The Commission first argues on appeal that the Ohio Supreme Court's decision in the Holeton case did not eradicate the prior subrogation statute, former R.C. 4123.93, which had been repealed in the same bill that enacted R.C. 4123.931.
In the Holeton case, Holeton was injured in 1998 by a motor vehicle while he was working. As a result of the accident, Holeton received workers' compensation benefits. The Bureau of Workers' Compensation asserted a subrogation claim against any settlement or judgment paid to Holeton by the other parties involved in the accident. The Ohio Supreme Court held that R.C. 4123.931, effective September 29, 1995 and enacted as part of H.B. 146 v H 278, was unconstitutional because it violated Article I, Section 2, 16, and 19 of the Ohio Constitution.
In its decision, the court first considered whether the subrogation statute was unconstitutional under Article II, Section 35 of the Ohio Constitution, which empowered the General Assembly to legislate compulsory workers' compensation law. The court found that there was nothing inherently wrong with the employer seeking to impose the loss suffered by the injured employee upon the tortfeasor. Therefore, it held that Article II, Section 35 of the Ohio Constitution does not preclude a subrogation statute as a means for funding workers' compensation programs. Id. at 119-121.
The court also considered whether R.C. 4123.931 violates Article I, Sections 16 and 19, of the Ohio Constitution, which guarantee every person a right to a legal remedy for injury to them and protect their private property from being taken for public purposes.
When considering two specific provisions of R.C. 4123.931, the court held that these two provisions were unconstitutional on their face. These two provisions are the estimated-future-values provision of R.C.4123.931(A) and the settlement provisions of R.C. 4123.931(D).
Subsection (A) is unconstitutional because it requires the injured employee to reimburse the bureau or self-insuring employer for future benefits that the injured employee may never receive. This constitutes an impermissible taking of private property. Id. at 123.
Subsection (D) is unconstitutional because it permits the bureau or self-insuring employer to "take away or reduce the claimant's tort recovery irrespective of whether a double recovery has actually occurred." Id. at 128. Subsection (D) also unconstitutionally "distinguishes between claimants who try their tort claims and claimants who settle their tort claims." Those who proceed to trial can seek to have a portion of their award or settlement excluded from the subrogee's right of reimbursement, while those who settle their claims do not have such an opportunity. Id. at 133.
For these reasons, the Ohio Supreme Court held that R.C. 4123.931, in its present form, violates the Ohio Constitution. The court expressly indicated that it did not hold that a subrogation statute is per se unconstitutional.
On remand, the Commission asserted that the prior version of Ohio's subrogation statute, former R.C. 4123.93, is now effective because of the holding in the Holeton case that R.C. 4123.931 is unconstitutional. The Ohio Supreme Court has addressed this issue generally in State v.Sullivan (2001), 90 Ohio St.3d 502 and State ex rel. Pogue v. Groom
(1914), 91 Ohio St. 1. In both cases, the Ohio Supreme Court held that under these circumstances the former statute is still effective when it is clear that the General Assembly intended for the repeal of the former statute to be effective only because there was a replacement statute to take its place.
In the case before us, Section 12 of H.B. 278 specifically provides that the newly enacted subrogation statute (R.C. 4923.931) was not to be applied retroactively. The bill states that the former R.C. 4923.93 governs subrogation rights for a cause of action that arose after the 1993 amendments to the statute until September 29, 1995, the effective date of H.B. 278, which repealed the former R.C. 4923.93. Because of this language, we find that it is clear that the General Assembly would not have repealed the former R.C. 4923.93 if it believed that newly enacted R.C. 4923.931 would be unconstitutional. The General Assembly clearly desires that there be a subrogation statute in Ohio, which is not precluded under the Ohio Constitution.
Appellee argues, however, that the act which repealed R.C. 4123.93
enacted not only R.C. 4123.931 but also a new R.C. 4123.93. Therefore, she argues, this case is not analogous to the Sullivan or Pogue cases. She also argues that if we find that the former R.C. 4123.93 is still effective, there would then be two sections numbered 4123.93 that are irreconcilable. Therefore, she argues, the new R.C. 4123.93 controls and it does not provide for subrogation rights.
The new R.C. 4123.93, as later amended 1996 and 1999, reads as follows:
 "As used in sections 4123.93 and 4123.931 [4123.93.1] of the Revised Code:
 "(A) `Claimant' means a person who is eligible to receive compensation or medical benefits under this chapter or Chapter 4121., 4127., or 4131. of the Revised Code, including any dependent or person whose eligibility is the result of an injury to or occupational disease of another person.
 "(B) `Statutory subrogee' means the administrator of the bureau of workers' compensation, a self-insuring employer, or an employer that contracts for the direct payment of medical services pursuant to division (L) of section 4121.44 of the Revised Code.
 "(C) `Subrogated amounts' include, but are not limited to, the following:
 "(1) Amounts recoverable from any third party, notwithstanding any limitations by the third party concerning its responsibility to make payments in cases involving workers' compensation under Chapter 4121., 4123., 4127., or 4131. of the Revised Code;
 "(2) Amounts recoverable from a claimant's insurer in connection with underinsured or uninsured motorist coverage, notwithstanding any limitation contained in Chapter 3937. of the Revised Code;
 "(3) Amounts that a claimant would be entitled to recover from a political subdivision, notwithstanding any limitations contained in Chapter 2744. of the Revised Code.
 "(D) `Third party' means an individual, private insurer, public or private entity, or public or private program that is or may be liable to make payments to a person without regard to any statutory duty contained in this chapter or Chapter 4121., 4127., or 4131. of the Revised Code.
The former R.C. 4123.93, effective October 20, 1993, provided as follows:
 "(A) Except as provided in division (B) of this section, this chapter, relating to the amount of compensation, shall not be considered by, or called to the attention of, the jury on the trial of any action to recover damages as provided in this chapter.
 "(B) The administrator of workers' compensation, for the amount of compensation and benefits paid to or on behalf of an employee from any fund in the workers' compensation less the amount of reasonable attorney fees and court costs actually incurred by the employee in the action, fund, an employer who contracts with an independent third party for the provision of medical, surgical, nursing, drug, rehabilitation, and hospital services and supplies to an employee under division (D) of section 4121.44 of the Revised Code, to the extent of the costs of such services and supplies provided to or on behalf of the employee for an injury of occupational disease that is compensable under this chapter or Chapter 4121., 4127., or 4131. of the Revised Code, less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action, and a self-insuring employer, for the amount of compensation and benefits paid to or on behalf of his employee for an injury or occupational disease that is compensable under this chapter or Chapter 4121., 4127., or 4131. of the Revised Code, less the amount of reasonable attorney's fees and court costs actually incurred by the employee in the action, are subrogated to all of the rights of that employee against a third-party tortfeasor involving that compensable injury or disease.
 "(C) The administrator shall deposit any money he collects under this section into the appropriate funds in the workers' compensation fund. If a self-insuring employer collects any such money, he shall deduct the amount collected, in the year collected, from the amount of paid compensation he is required to report under section 4123.35 of the Revised Code.
 "(D) The right of subrogation which inures to the benefit of the administrator, employer, or self-insuring employer under division (B) of this section is automatic and applies only if the employee is a party to an action involving the third-party tortfeasor."
We agree with appellee that this case is not as straightforward asSullivan and Pogue because the General Assembly did not merely amend a statute but rather revised an entire section of law. However, it is clear that the General Assembly was attempting to revise the statutory subrogation rights of the provider of workers' compensation benefits and would not have repealed former R.C. 4123.93 without the replacement legislation. Therefore, we find that former R.C. 4123.93 is still effective. The fact that there are two statutes with the same number does not prevent former R.C. 4123.93 from being effective.
Alternatively, appellee argues that if former R.C. 4123.93 is still effective, it too violates the equal protection guarantees of Article I, Section 2 of the Ohio Constitution in the same manner as R.C. 4123.931. She argues first that former R.C. 4123.93 arbitrarily distinguishes between injured employees who sue versus those who settle their claims against a tortfeasor.
Subsection (D) of former R.C. 4123.93 provides that the right of subrogation "* * * applies only if the employee is a party to an action
involving the third-party tortfeasor." (Emphasis added). R.C. 4123.931(D) provided that injured employees who go to trial have an opportunity to exclude part of their award from the subrogee's right of reimbursement while those who settle their claims do not have such an opportunity.
In Giles v. Schindler Elevator Corp. (Oct. 18, 2001), Cuyahoga App. No. 78082, the Eight District Court of appeals has held that former R.C. 4129.93(D) is unconstitutional on the same basis that R.C. 4123.931(D) was found to be unconstitutional in the Holeton case. As discussed above, R.C. 4123.931(D) was declared unconstitutional because it "distinguishes between claimants who try their tort claims and claimants who settle their tort claims." Id. at 133. We agree with the reasoning of the Eight District Court of Appeals and also find that former R.C.4123.93(D) is unconstitutional.
We also hold that even if former R.C. 4123.93(D) is constitutional, the Commission would not be entitled to reimbursement in this case because the injured employee was not a party to the litigation against the tortfeasor. Former R.C. 4123.93(B) provides that the Commission would be "subrogated to all of the rights of that employee against a third-party tortfeasor involving that compensable injury or disease." However, since the suit in this case is a wrongful death action brought by the administratrix of Yoh's estate, former R.C. 4123.93(B) is not applicable to this case. Accord, Sallach v. United Airlines (1997),121 Ohio App.3d 89.
Second, appellee argues that former R.C. 4123.93(D) arbitrarily distinguishes between damages recovered by injured employees from tortfeasors and damages recovered by injured employees pursuant to uninsured and underinsured motorist benefit polices. Former R.C. 4123.93
provides that the right of subrogation only applies to actions against a "third-party tortfeasor." We need not reach this issue inasmuch as we have already found R.C. 4123.93(D) unconstitutional on other grounds.
Third, appellee argues that former R.C. 4123.93 is unconstitutional because it provides that the entire amount of any award or settlement is subject to absolute reimbursement rights of the employer regardless of whether the award or settlement was duplicative of the workers' compensation benefits received.
R.C. 4123.931(D) provides that "[t]he entire amount of any settlement or compromise of an action or claim is subject to the subrogation right of a statutory subrogee, * * *." Former R.C. 4123.93(B) provided that:
"(B) The administrator of workers' compensation, for the amount ofcompensation and benefits paid * * *, an employer who contracts with an independent third party * * *, to the extent of the costs of suchservices and supplies provided * * *, and a self-insuring employer, forthe amount of compensation and benefits paid * * *, are subrogated to all of the rights of that employee against a third-party tortfeasor involving that compensable injury or disease." (Emphasis added.)
We find that subsection (B) of former R.C. 4123.93 limits the statutory subrogee's right of reimbursement to the amount expended on the injured employee's behalf. Therefore, we find that subsection (B) does not violate the Ohio Constitution because it does not permit the statutory subrogee to obtain a windfall recovery.
Finally, appellee argues that if the former R.C. 4123.93 is still effective, and the Commission is entitled to subrogation, it is limited to the trial court's original judgment award of $38,000 minus reasonable attorney fees and costs. Furthermore, since the Commission did not prove that appellee's attorneys fees and costs were less than $38,000, it cannot be awarded any of the funds held in escrow. Because we have concluded that former R.C. 4123.93 is unconstitutional and would also not be applicable to this case, we need not address this issue.
Appellant's sole assignment of error is not well-taken. Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Williams County Court of Common Pleas is affirmed. Pursuant to App.R. 24, the Commission is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.