THE STATE, EX REL. DIX, *v.* CELESTE, GOVERNOR, ET AL.

[Cite as State, ex rel. Dix, *v.* Celeste (1984), 11 Ohio St. 3d 141.]

(No. 83-1408—Decided June 13, 1984.)

*Mr. Gerald A. Donahue* and *Mr. John M. McElroy,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Ms. Kathleen McManus* and *Mr. Richard A. Green,* for respondents.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Stanley J. Dobrowski* and *Mr. Simon B. Karas,* urging denial for *amicus curiae,* Ohio Building Authority.

*Boyd & Boyd Co., L.P.A.,* and *Mr. Robert E. Boyd, Jr.,* urging allowance for *amicus curiae,* Lewis R. Trembly, Jr.

WILLIAM B. BROWN, J. The general issue presented is whether Am. Sub. S.B. No. 227 was enacted in violation of Section 15(D), Article II of the Ohio Constitution which provides in part that "[n]o bill shall contain more than one subject, which shall be clearly expressed in its title * * *." For the reasons that follow, this court holds that Am. Sub. S.B. No. 227 is not unconstitutional; and relator's requests for writs of mandamus and prohibition are denied.

Perhaps there is no task more grave in the adjudication of civil controversies than passing on the constitutionality of legislation. The legislature possesses, subject only to the limitations of our state and federal Constitutions, plenary power to make the laws. This court, in considering the issue presented by this case, has remained mindful that there is a strong presumption supporting the constitutionality of a legislative enactment.

Ohio is one of among forty-one states whose Constitution contains a one-subject provision.[1] The primary and universally recognized purpose of such provisions is to prevent logrolling — "* * * the practice of several minorities combining their several proposals as different provisions of a single bill and thus consolidating their votes so that a majority is obtained for the omnibus

---

[1] 1A Sutherland, Statutes and Statutory Construction (4 Ed. 1972), Section 17.01.

bill where perhaps no single proposal of each minority could have obtained majority approval separately."[2] 1A Sutherland, Statutes and Statutory Construction (4 Ed. 1972), Section 17.01; see 73 American Jurisprudence 2d (1974) 335, Statutes, Section 119. In *Pim* v. *Nicholson* (1856), 6 Ohio St. 176, this court likewise recognized that the one-subject provision was directed at logrolling.

The one-subject provision attacks logrolling by disallowing unnatural combinations of provisions in acts, *i.e.,* those dealing with more than one subject, on the theory that the best explanation for the unnatural combination is a tactical one — logrolling. By limiting each bill to a single subject, the bill will have unity and thus the purpose of the provision will be satisfied.

The one-subject provision also has the related benefit of operating to prevent "riders" from being attached to bills that are "* * * so certain of adoption that the rider will secure adoption not on its own merits, but on the measure to which it is attached.[3]

The resultant effect of the one-subject provision is a more orderly and fair legislative process. By limiting each bill to one subject, the issues presented can be better grasped and more intelligently discussed. The rule prevents extraneous matters from being introduced into consideration of the bill by disallowing amendments not germane to the subject under consideration.

It must be strongly emphasized that the constitutional mandate that every bill shall have but one subject was imposed to facilitate orderly legislative procedure, *not* to hamper or impede it. Professor Sutherland has so recognized, stating in his treatise, *supra,* at page 2, as follows: "* * * [This rule] was not designed as a loophole of escape from, or a means for the destruction of legitimate enactments. The number of statutes required to effect a given purpose is not to be needlessly multiplied, nor is the scope of the required single subject to be unduly restricted."

Professor Ruud has made a similar observation, by stating that, "* * * this purpose relates to the legislative procedure; it does not aim to eradicate devices designed to pervert the rule of majority vote but rather to eliminate rambling, discursive deliberations. *This is an internal institutional problem, one that could have been left to the legislative rules to treat."* (Emphasis added.) Ruud, "No Law Shall Embrace More Than One Subject" (1958), 42 Minn. L. Rev. 389, 391.

Ohio law has long recognized that one of the purposes of the one-subject rule is to provide for an orderly and fair legislative process. Ohio law has not, however, lost sight of Professor Ruud's observation noted above that "* * * this is an internal institutional problem, one that could have been left to the legislative rules to treat." Accordingly, this court has, in a long line of unbroken cases, held that Section 15(D), Article II of the Ohio Constitution, or

---

[2] Ruud, "No Law Shall Embrace More Than One Subject" (1958), 42 Minn. L. Rev. 389, 391.
[3] *Id.*

its predecessors, are directory rather than mandatory, *Pim* v. *Nicholson, supra; Lehman* v. *McBride* (1863), 15 Ohio St. 573; *State, ex rel. Attorney General,* v. *Covington* (1876), 29 Ohio St. 102, paragraph seven of the syllabus; *Oshe* v. *State* (1882), 37 Ohio St. 494; *Ex Parte Falk* (1885), 42 Ohio St. 638. As was stated in *Pim, supra,* at 180, "[i]t would be most mischievous in practice, to make the validity of every law depend upon the judgment of every judicial tribunal of the state as to whether an act or a bill contained more than one subject * * *. Such a question would be decided according to the mental precision and mental discipline of each justice of the peace and judge. No practical benefits could arise from such inquiries."

This court echoed these sentiments in *Lehman* v. *McBride, supra,* at 605: "[A holding that the one-subject provision is mandatory rather than directory in nature] would result in consequences truly 'alarming.' It would at least nullify many statutes which the courts and the people of the state have hitherto regarded as valid, and have governed themselves accordingly in their transactions."

There is no question that by holding that the one-subject rule is directory and not mandatory, judicial interference with legislative action is reduced. While Ohio is the only state which holds its one-subject provision to be directory rather than mandatory,[4] other states have achieved the laudable aim of judicial non-interference in the legislative process by holding that their one-subject constitutional provisions should be liberally construed or that they should be construed so as not to hamper the legislature or to embarrass honest legislation.[5] It is indeed most noteworthy that while this provision has been invoked in hundreds of cases in various jurisdictions, "* * * in only a handful of cases have the courts held an act to embrace more than one subject."[6]

In holding that the one-subject provision is merely directory, this court has in no way disparaged the constitutional provision; rather, this court has simply accorded appropriate respect to the General Assembly, a coordinate branch of the state government. This holding has acknowledged that it is impractical to have courts inquire into the compliance of the General Assembly with procedural rules in that the results could be the creation of vast uncertainty regarding the statutory laws upon which all have relied. While this court has consistently expressed its reluctance to interfere with the legislative process, it will not, however, abdicate in its duty to enforce the Ohio Constitution. In *Pim, supra,* while this court held that the one-subject rule was directory only, this court also saliently added the following caveat:

---

[4] *Id.* at 393.

[5] See, *e.g., Taylor* v. *Frohmiller* (1938), 52 Ariz. 211, 79 P. 2d 961; *Maner* v. *Maner* (S.C. 1982), 296 S.E. 2d 533; *In re Advisory Opinion* (1976), 396 Mich. 123, 240 N.W. 2d 193; *State* v. *Reedy Creek Improvement District* (Fla. 1968), 216 So. 2d 202; *Suber* v. *Alaska State Bond Committee* (Alaska 1966), 414 P. 2d 546.

[6] Ruud, *supra,* at 447.

"* * * We are therefore of the opinion, that in general the only safeguard against the violation of these rules of the houses, is their regard for, and their oath to support the constitution of the state. *We say in general the only safeguard: for whether a manifestly gross and fraudulent violation of these rules might authorize the court to pronounce a law unconstitutional, it is unnecessary to determine. It is to be presumed that no such case will ever occur.*" (Emphasis added.) *Id.* at 180.

Today, this court reemphasizes this caveat. The one-subject provision of Section 15(D), Article II of the Ohio Constitution is merely directory in nature; while it is within the discretion of the courts to rely upon the judgment of the General Assembly as to a bill's compliance with the Constitution, a manifestly gross and fraudulent violation of this rule will cause an enactment to be invalidated.

This holding strikes the proper balance. It recognizes the necessity of giving the General Assembly great latitude in enacting comprehensive legislation by not construing the one-subject provision so as to unnecessarily restrict the scope and operation of laws, or to multiply their number excessively, or to prevent legislation from embracing in one act all matters properly connected with one general subject. It further recognizes that there are rational and practical reasons for the combination of topics on certain subjects. It acknowledges that the combination of provisions on a large number of topics, as long as they are germane to a single subject, may not be for purposes of logrolling but for the purposes of bringing greater order and cohesion to the law or of coordinating an improvement of the law's substance.

At the same time, this holding provides a sufficient guard against logrolling and stealth and fraud in legislation by stating that a manifestly gross and fraudulent violation of the one-subject provision will render an enactment invalid. For, when there is an absence of common purpose or relationship between specific topics in an act and when there are no discernible practical, rational or legitimate reasons for combining the provisions in one act, there is a strong suggestion that the provisions were combined for tactical reasons, *i.e.,* logrolling. Inasmuch as this was the very evil the one-subject rule was designed to prevent, an act which contains such unrelated provisions must necessarily be held to be invalid in order to effectuate the purposes of the rule.

In light of the foregoing principles, this court may now examine Am. Sub. S.B. No. 227 to determine if it is such a blatant violation of the one-subject rule so as to render it unconstitutional. Inasmuch as such a violation is readily ascertainable from an examination of the bill itself, this court need not look further. While there exist various treatises and a host of other authorities instructive on principles of statutory construction, the cases indicate that an analysis of any particular enactment is dependent upon the particular language and subject matter of the proposal. The determination of a proposal's constitutionality is dependent primarily, if not exclusively, on a case-by-case, semantic and contextual analysis.

In essence, relator contends that by adding the appropriation provision to Am. Sub. S.B. No. 227 which abolished the Ohio Development Financing Commission and which transferred the duties to the Director of Develop-

ment, the General Assembly violated the one-subject rule.[7] Keeping in mind that the one-subject provision is not directed at plurality but at disunity in subject matter (see, *e.g., State, ex rel. Test,* v. *Steinwedel* [1932], 203 Ind. 457, 467-468, 180 N.E. 865, 868), this court cannot concur in this assessment.

An examination of the bill demonstrates that the appropriation is but an incident to the single subject of the bill. The appropriation in Am. Sub. S.B. No. 227 funds directly the operations of programs, agencies, and matters described elsewhere in the bill. The appropriation, which relates to economic and industrial development, is reasonably necessary to implement the programs described in the bill. The appropriation is simply the means by which the act is carried out, and the inclusion of such an appropriation does not destroy the singleness of the subject and the one-subject rule is not violated. (Accord *State, ex rel. Blume,* v. *State Bd. of Edn.* [1934], 97 Mont. 371, 34 P. 2d 515; *Mills* v. *Stewart* [1926], 76 Mont. 429, 247 P. 332; *Hill* v. *Rae* [1916], 52 Mont. 378, 158 P. 826.) As Professor Ruud so noted at page 441, "[t]here seems to be no serious contention that an appropriation is in itself a second subject, therefore, an act may, for example, establish an agency, set out the regulatory program, and make an appropriation for the agency without violating the one-subject rule."

Having found that the topics in this bill fairly relate to the same subject and have a natural connection so as to be parts of the general subject, this court holds that Am. Sub. S.B. No. 227 is not such a blatant violation of the one-subject rule so as to be rendered unconstitutional.

For the foregoing reasons, the writs of mandamus and prohibition as prayed for by relator are denied.

*Writs denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, C. BROWN and HOFFMAN, JJ., concur.

HOLMES, J., concurs in judgment only.

HOFFMAN, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.

---

[7] Relator places great importance on the fact that the one-subject rule was readopted in 1912 simultaneously with Sections 1c and 1d, Article II, of the Ohio Constitution, which provide for referendum. Relator argues that the simultaneous adoption of the one-subject provision and the provisions establishing the right to referendum placed the one-subject provision in a "new legal context" that makes it mandatory. As respondents so aptly note, however, this court respected the distinction between directory and mandatory constitutional provisions both before and after 1912. See, *e.g., Ritzman* v. *Campbell* (1915), 93 Ohio St. 246; *Leach* v. *Brown* (1957), 167 Ohio St. 1 [3 O.O.2d 346].