The STATE, ex rel. JUDY,

v.

WANDSTRAT.

[Cite as *State, ex rel. Judy, v. Wandstrat* (1989), 62 Ohio App.3d 627.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880325.

Decided April 26, 1989.

*Huddleson & Lane Co., L.P.A., David C. Lane* and *Daniel W. Norris,* for relator.

*Thomas C. Foster,* for defendant.

*Per Curiam.*

In this original action in quo warranto, relator Merle Al Judy ("Judy") challenges the legal right of defendant Evelyn Wandstrat ("Wandstrat") to occupy the position of park commissioner on the Board of Park Commissioners for the Delhi Township Park District. Judy claims entitlement to the position occupied by Wandstrat and seeks to oust her from that position and to be installed in her place. The matter is before us on the pleadings and on the parties' stipulations of fact.

Judy's petition for a writ in quo warranto was prompted by conflicting appointments by the Hamilton County Common Pleas Court and the Delhi Township Board of Trustees to fill a single vacancy on the Delhi Township Board of Park Commissioners. By entry dated April 21, 1988, the common pleas court appointed Wandstrat to the board of park commissioners for a three-year term expiring in May 1991. By resolution dated April 29, 1988, the township board of trustees appointed Judy to a three-year term to fill the same position. On May 10, 1988, at a meeting of the board of park commissioners, Wandstrat was installed as a park commissioner, and despite demand by Judy, she has refused to relinquish the office.

R.C. 511.18 governs appointments to a township board of park commissioners. Prior to its amendment in December 1986, the statute vested the power of appointment in the court of common pleas. By Am.Sub.S.B. No. 393, effective December 23, 1986, the Ohio Legislature amended R.C. 511.18 to establish an exception to the exclusive appointment power of the common pleas court, providing that "if an entire park district is contained within the unincorporated area of the township, the board of township trustees, instead of the court of common pleas of the county, shall appoint the board of park commissioners." By Am.Sub.S.B. No. 137, effective July 20, 1987, and Am. Sub.H.B. No. 390, effective October 20, 1987, the legislature again amended R.C. 511.18 to provide that "[t]he boundaries of a township park district, regardless of when the park district was established, shall be coterminous with the boundaries of the township, unless the township has ceased to exist since the establishment of the park district."

R.C. 511.18, as amended by Am.Sub.H.B. No. 390, effective October 20, 1987, provided in its entirety:

"When any number of electors in a township, including the electors of all municipal corporations therein, equal to or exceeding one tenth of the total vote cast in such township at the general election next preceding, files a petition with the board of township trustees for proceedings to organize a park district and to establish one or more free public parks within such township, the board shall certify such fact to the court of common pleas of the county, which court, or a judge thereof, shall appoint a board of park commissioners for the township, except that if an entire park district is contained within the unincorporated area of the township, the board of township trustees, instead of the court of common pleas of the county, shall appoint the board of park commissioners.

"The boundaries of a township park district, regardless of when the park district was established, shall be coterminous with the boundaries of the township, unless the township has ceased to exist since the establishment of the park district." See 142 Ohio Laws, Part II, 3539, 3541.

Therefore, in April 1988, at the time of the Judy and Wandstrat appointments, R.C. 511.18 vested the general power of appointment in the common pleas court but provided for appointment by the board of township trustees when the entire park district is contained within the unincorporated area of the township. The statute further rendered the boundaries of a township park district coterminous with the boundaries of the township without regard

for when the park district was established.[1]

Judy contends that Wandstrat has assumed and retained her position on the board of park commissioners unlawfully when R.C. 511.18, as it provided at the time of the conflicting appointments, vested the power of appointment in the township board of trustees and not in the common pleas court. A determination under R.C. 511.18 of whether the township board of trustees or the common pleas court is vested with the power of appointment turns on the issue of whether the "entire park district is contained within the unincorporated area of the township." The parties have stipulated that Delhi Township contains no incorporated area, and R.C. 511.18 renders the boundaries of a township park district coterminous with the boundaries of the township. Thus, the Delhi Township Park District is entirely contained within the unincorporated area of Delhi Township. Accordingly, we conclude that, under R.C. 511.18 as it existed at the time of the conflicting appointments, the township board of trustees, which appointed Judy, and not the common pleas court, which appointed Wandstrat, held the power of appointment to the Delhi Township Board of Park Commissioners.

Wandstrat contends, however, that R.C. 511.18, as amended, is invalid under Section 15(D), Article II, Ohio Constitution because the bills in which the amendments to the statute originated contained more than one subject. We are unpersuaded.

██ We note as a preliminary matter that Wandstrat's challenge to the constitutionality of R.C. 511.18 is directed not only against Am.Sub.H.B. No. 390, the bill that brought R.C. 511.18 to its relevant state, but also against its predecessors, Am.Sub.S.B. No. 393 and Am.Sub.S.B. No. 137. The passage of Am.Sub.H.B. No. 390 effectively repealed these earlier enactments, and a determination by this court that Am.Sub.H.B. No. 390 was unconstitutional would not operate to revive them. See Section 15(D), Article II, Ohio Constitution. Therefore, we need not address the constitutionality of Am.Sub. S.B. No. 393 and Am.Sub.S.B. No. 137, and we confine our inquiry to Am.Sub.H.B. No. 390.

██ Wandstrat challenges Am.Sub.H.B. No. 390 under the so-called "one-subject" rule set forth in Section 15(D), Article II, Ohio Constitution, which provides in relevant part that "[n]o bill shall contain more than one subject, which shall be clearly expressed in its title. * * *" The purpose of the rule is to prevent "log-rolling," i.e., "the practice by which several matters are

---

1. R.C. 511.18 was again amended by Am.Sub.S.B. No. 38, effective July 20, 1988. The amendment was enacted following the disputed appointments and, therefore, is not relevant to the instant matter.

consolidated in a single bill for the purpose of obtaining passage for proposals which would never achieve a majority if voted on separately." *Hoover v. Bd. of Franklin Cty. Commrs.* (1985), 19 Ohio St.3d 1, 6, 19 OBR 1, 5, 482 N.E.2d 575, 580; see, also, *State, ex rel. Dix, v. Celeste* (1984), 11 Ohio St.3d 141, 11 OBR 436, 464 N.E.2d 153; *Pim v. Nicholson* (1856), 6 Ohio St. 176. However, in recognition of the principle that the one-subject rule was designed "to facilitate orderly legislative procedure, *not* to hamper or impede it," *Dix*, 11 Ohio St.3d at 143, 11 OBR at 438, 464 N.E.2d at 156, Ohio courts have found the rule to be directory rather than mandatory, see, *e.g., Dix, supra; Pim, supra; Roberts Dev. Corp. v. Harris* (1987), 36 Ohio App.3d 111, 521 N.E.2d 517, and have held that only a "manifestly gross and fraudulent violation" of the rule will render a legislative enactment invalid. *Dix*, 11 Ohio St.3d at 145, 11 OBR at 440, 464 N.E.2d at 157; *Pim*, 6 Ohio St. at 180; see, also, *Hoover*, 19 Ohio St.3d at 6, 19 OBR at 5, 482 N.E.2d at 580. Only when an enactment reflects blatant disunity between topics, with no rational purpose for their combination, may it be inferred that the bill is a result of log-rolling. *Hoover*, 19 Ohio St.3d at 6, 19 OBR at 5, 482 N.E.2d at 580.

The express purpose of Am.Sub.H.B. No. 390 was:

"To amend sections 503.01 [which governs the incorporation of civil townships, a township's corporate powers, and the acquisition and appraisal of township real estate] and 511.18 and to enact sections 505.263, 5709.73, 5709.74, and 5709.75 of the Revised Code to permit townships to engage in providing needed public improvements and tax increment financing for the improvements in the unincorporated territory of the township; to permit townships to purchase equipment, buildings, and sites, and to construct buildings, for any lawful township purpose; and to require that the boundaries of a township park district be the same as those of the township."

We find that the separate provisions of the bill share a common purpose in that they address various aspects of township government and that the combination of these provisions in a single bill did not constitute a manifestly gross and fraudulent violation of the one-subject rule. Thus, discerning no blatant disunity among the provisions of Am.Sub.H.B. No. 390 and a rational purpose for their combination in a single enactment, we decline to invalidate the bill under Section 15(D), Article II, Ohio Constitution.

■ Wandstrat also contends that the power of appointment conferred upon the township board of trustees by R.C. 511.18, as amended effective November 20, 1987, applies only to park districts created after the effective date of the amended statute. This contention is equally feckless.

As we noted *supra*, Am.Sub.S.B. No. 393, which was effective as of December 23, 1986, transferred from the common pleas court to the township

board of trustees the authority to appoint a board of park commissioners when "an entire park district is contained within the unincorporated area of the township." That provision was retained in each succeeding amendment to R.C. 511.18, including the amendment effected by Am.Sub.H.B. No. 390, which provided the version of the statute in effect in April 1988 at the time of the conflicting appointments. We can conceive of no purpose to an inquiry into retrospective-versus-prospective application of the appointing authority conferred upon the trustees under the October 1987 version of R.C. 511.18 when the conflicting appointments central to this action were made after the effective date of the amended statute. We, therefore, decline Wandstrat's invitation to do so.

A writ of quo warranto may be granted when the legal right to hold an office is successfully challenged. *State, ex rel. Battin, v. Bush* (1988), 40 Ohio St.3d 236, 533 N.E.2d 301. The remedies afforded on a successful action in quo warranto are the ouster of the party found to be unlawfully in possession of the office and an award of the costs of the action to the relator. R.C. 2733.14. Judgment may also be rendered upon the right of the person claiming entitlement to the office, if justice so requires. R.C. 2733.08.

We find Judy's challenge to Wandstrat's occupation of the contested position on the township board of park commissioners to be well-taken. Upon our determination that the township board of trustees, rather than the common pleas court, was vested with the power to make the subject appointment, we hold that Wandstrat is in unlawful possession of the office and that Judy is entitled to that position. We, therefore, grant the writ of quo warranto, enter judgment ousting Wandstrat from her position on the board of park commissioners and order that Judy be installed in her place, and that he recover the costs of this action.

*Writ allowed.*

HILDEBRANDT, P.J., SHANNON and UTZ, JJ., concur.