**In re John Robert LONG Sue B. Long, Debtors.**

No. 99–56146.

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Dec. 19, 2000.

William B. Logan, Jr., Luper Sheriff & Neidenthal, Columbus, OH, for Debtors.

Arnold S. White, Columbus, OH, Chapter 7 Trustee.

Elizabeth Luper Schuster, Assistant Attorney General, Chief Counsel's Staff, Columbus.

Alexander G. Barkan, Columbus, OH, Assistant United States Trustee.

### MEMORANDUM OPINION AND ORDER

CHARLES M. CALDWELL, Bankruptcy Judge.

This Memorandum Opinion and Order constitutes the Court's ruling on the Motion for Summary Judgment filed by the Trustee, Arnold S. White ("Trustee"). Memoranda Contra have been filed on behalf of the Debtors, John Robert Long and Sue B. Long ("Debtors"), and the Attorney General of the State of Ohio ("Intervener"). Based upon a review of the pleadings, including stipulations, and the statements of counsel, the Court has determined that the Trustee is not entitled to summary judgment. A discussion of the factual and legal bases for this decision follows.

The Debtor, Mr. Long, for several years worked for an engineering firm, and in that capacity accumulated a significant amount of funds in a profit-sharing plan that he rolled over into an IRA upon his retirement. Subsequently, the Debtors owned and operated retail candle stores in the Columbus, Ohio, area that they sold before the instant filing was commenced under chapter 7 on July 8, 1999. On Schedule B—Personal Property, the Debt-

ors listed various Individual Retirement Accounts ("IRAs") having a total value of $284,888.00. The Debtors claimed their interests in the IRAs were exempt pursuant to Ohio Revised Code section 2329.66(A)(10)(c).

On August 24, 1999, the Trustee's Objection to "IRA" Claimed Exemptions was filed. The Trustee alleged that the statute under which the exemption was claimed was unenforceable. On August 30, 1999, the Debtors filed a Response and defended the legality of the exemption statute. The primary issues raised in the Trustee's Objection and instant Motion for Summary Judgment are whether the exemption statute is in violation of the Ohio Constitution because it was passed along with another provision ("One–Subject Rule") and/or is unconstitutionally vague ("Void for Vagueness Doctrine"). Because issues regarding the constitutionality of Ohio state law are involved, the parties obtained the participation of the Intervener. The Trustee also seeks summary judgment concerning particular IRA accounts based upon alleged improper contributions and/or distributions.

The Trustee moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which applies in bankruptcy court pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56 provides, in relevant part, that, "(t)he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The Trustee argues that the Ohio Legislature erred and violated the Ohio Constitution when it combined the exemption statute with another provision that pertains to limits upon the enforcement of installment contracts and any resultant finance charges and security interests. The Trustee in addition argues that the Ohio Legislature erred by drafting a vague exemption statute through its use of words such as "right," "interest," "eligible" and "applicable."

Regarding the One–Subject Rule, its primary purpose is to eliminate "logrolling," in which disparate legislative provisions are combined to obtain passage of bills that might not be enacted alone. *The State Ex Rel. Ohio Academy of Trial Lawyers, et al. v. Sheward*, 86 Ohio St.3d 451, 495–496, 715 N.E.2d 1062, 1098–1099 (1999), *reconsideration denied*, 87 Ohio St.3d 1409, 716 N.E.2d 1170 (1999); James Preston Shuck, *Returning the "One" to Ohio's "One–Subject" Rule*, 28 Cap. U.L.Rev. 899, 901–902 (2000). Where legislation is challenged under the One–Subject Rule, courts are required to afford great latitude to legislatures in fashioning comprehensive laws, and courts are required to presume that legislation as drafted and combined is valid. *Sheward*, 86 Ohio St.3d at 496, 715 N.E.2d at 1099.

The mere fact that the legislation may encompass more than one topic is not sufficient to invalidate a bill, if there is a common purpose or relationship between the topics. *The State Ex Rel. Ohio AFL–CIO, et al. v. Voinovich*, 69 Ohio St.3d 225, 229, 631 N.E.2d 582, 586 (1994), *clarified* 69 Ohio St.3d 1208, 632 N.E.2d 907 (1994), *quoting Hoover v. Bd. of Franklin Cty. Commrs.*, 19 Ohio St.3d 1, 6, 19 OBR 1, 5, 482 N.E.2d 575, 580 (1985). Courts have invalidated legislation, "when there is an absence of common purpose or relationship between specific topics in an act and when there are no discernible practical, rational or legitimate reasons for combining the provisions in one act...." *Sheward*, 86 Ohio St.3d at 496–497, 715 N.E.2d at 1099,

*quoting State Ex Rel. Dix v. Celeste,* 11 Ohio St.3d 141, 145, 464 N.E.2d 153, 157 (1984). The role of the courts is to decide whether the combination is manifestly gross and fraudulent by examining the language of the legislation, the subject matter covered and the context. *Sheward,* 86 Ohio St.3d at 498, 715 N.E.2d at 1100; *Dix,* 11 Ohio St.3d at 145, 464 N.E.2d at 158.

 Regarding challenges to legislation based upon the Void for Vagueness Doctrine, courts are called upon to observe a presumption of validity, and should not invalidate legislation merely because there may be some difficulty in deciphering the scope of its coverage. *U.S. v. National Dairy Products Corp., et al.,* 372 U.S. 29, 32, 83 S.Ct. 594, 597, 9 L.Ed.2d 561 (1963), *rehearing denied,* 372 U.S. 961, 83 S.Ct. 1011, 10 L.Ed.2d 13 (1963). One commentator has summarized the purpose of this Doctrine as being, "... concerned with how uncertainty about the content of substantive law influences the behavior of those to whom laws are addressed. The 'fair warning' notion identified by the courts as an animating principle of the doctrine thus seeks to ensure that individuals know the bounds of legal activity and can adjust their behavior to these bounds." Gillian K. Hadfield, *Weighing the Value of Vagueness: An Economic Perspective on Precision in the Law,* 82 Calif. L.Rev. 541, 543 (1994). After reviewing any legislation and its context in instances where criminal conduct or first amendment freedoms are not involved, courts must be lenient in their analysis, and only find that there are lack of notice concerns where the legislation is substantially incomprehensible. Mere uncertainty is not sufficient. *Doe v. Staples,* 706 F.2d 985, 988 (6th Cir.1983), *rehearing denied,* 717 F.2d 953 (6th Cir. 1983), *cert. denied,* 465 U.S. 1033, 104 S.Ct. 1301, 79 L.Ed.2d 701 (1984), *quoting Exx-*

*on Corp. v. Busbee,* 644 F.2d 1030 (5th Cir.1981), *cert. denied,* 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981).

 Upon review of the legislation at hand, the purpose of its provisions, and the context in which it was passed, the Court is persuaded by the position urged by the Debtors and the Intervener. The Court agrees that while the legislation covers different topics, they share a very significant common subject—the relative rights of debtors and creditors. Undoubtedly, because of this common subject matter, the legislation will have a significant impact upon the interests of debtors and creditors in and outside the bankruptcy context. Nothing in the history of the passage of the legislation suggests that, in this instance, the Ohio Legislature was engaged in logrolling. While this Court may not have chosen the current combination, there is no reason for this Court to second guess the will of the Legislature. Regarding particular transactions the Trustee seeks to invalidate, the Court has reviewed the Motion for Summary Judgment and the Debtors' Memorandum Contra. Based upon this review, the Court concludes there are factual disputes and legal issues raised by the parties that preclude summary judgment, and that may require the commencement of an adversary proceeding.

 Finally, upon review of the exemption provisions of the legislation, the Court cannot find them unconstitutionally vague. The Court has reviewed the exemption provisions, and although not a model of clarity, their impact in a given case is ascertainable by a careful reading. Further, to the extent the Trustee's concerns with the use of various terms may be deemed valid, they will be addressed on a case-by-case basis in years to come as challenges to the applicability of the provi-

sions are raised in future cases in this and other bankruptcy courts.

Accordingly, the Motion for Summary Judgment filed by the Trustee is **DENIED.**

**IT IS SO ORDERED.**