## STATE ex rel. OHIO CIVIL SERVICE EMPLOYEES ASSOCIATION, AFSCME, LOCAL 11, AFL–CIO

### v.

### STATE EMPLOYMENT RELATIONS BOARD.

[Cite as *State ex rel. Ohio Civ. Serv. Emp. Assn. v. State Emp. Relations Bd.*, 152 Ohio App.3d 551, 2003-Ohio-2021.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–1007.

Decided April 22, 2003.

552

Buckley, King & Bluso and James E. Melle; OCSEA, AFSCME, Local 11, AFL–CIO and Linda K. Fiely, for relator.

Jim Petro, Attorney General, and Daniel P. Jones, Assistant Attorney General, for respondent.

PEGGY BRYANT, Judge.

{¶ 1} Relator commenced this original action requesting that this court issue a writ of mandamus (1) ordering the State Employment Relations Board ("SERB") to reinstate six petitions relator filed seeking to include certain employees of the Ohio School Facilities Commission ("OSFC") in collective bargaining units, (2) ordering SERB to find probable cause that the state of Ohio committed an unfair labor practice ("ULP"), and (3) declaring unconstitutional the amendment to R.C. 3318.31(B) that was enacted in Am.Sub.H.B. No. 405 and exempts OSFC employees from the provisions of the Public Employees Collective Bargaining Act.

{¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate, who converted the motion to dismiss into a motion for summary judgment and issued a decision, including the following findings of fact:

{¶ 3} "1. On September 12, 2002, relator filed the instant mandamus action asserting that, on June 22, 2001, relator filed six petitions for Amendment of Certification and Clarification of a [bargaining] unit with respondent. Each of the petitions involved positions included at the Ohio School Facilities Commission ('OSFC').

{¶ 4} "2. On December 13, 2001, the Ohio General Assembly adopted Am.Sub. H.B. 405 which added the following language to R.C. 3318.31(B):

{¶ 5} " '* * * The employees of the [Ohio School Facilities] commission shall be exempt from Chapter 4117. of the Revised Code and shall not be public employees as defined in section 4117.01 of the Revised Code.'

{¶ 6} "3. On December 21, 2001, the state of Ohio filed a motion to dismiss the six petitions on the basis that the recent amendment to R.C. 3318.31 exempts the

OSFC employees, whose jobs were the subject of the petitions, from Chapter 4117.

{¶ 7} "4. Also on December 21, 2001, relator filed a ULP charge with respondent alleging that the state of Ohio committed a series of deliberate unfair labor practices in violation of R.C. 4117.11(A)(1), (2), and (5). The ULP charge alleged that the state of Ohio unilaterally changed the terms and conditions of the collective bargaining agreement by amending R.C. 3318.31(B).

{¶ 8} "5. On February 7, 2002, respondent issued two decisions which decided all six petitions. Respondent ruled that the effective date of Am.Sub.H.B. 405 is December 13, 2001, and the employees in question in the petitions are exempt and are not public employees as defined in R.C. 4117.01. As such, respondent found that no issues remained to warrant a hearing and dismissed all six petitions.

{¶ 9} "6. On May 9, 2002, respondent dismissed the ULP charge stating:

{¶ 10} " 'Pursuant to Ohio Revised Code § 4117.12, the Board has conducted an investigation of this charge. The investigation reveals no probable cause exists to believe the Charged Party has violated Ohio Revised Code § 4117.11. Information gathered during the investigation reveals the Charged Party was seeking confirmation of the intent of legislation, which is not a violation of the statute. Accordingly, the charge is dismissed with prejudice.'

{¶ 11} "7. Thereafter, relator filed the instant mandamus action in this court.

{¶ 12} "8. On October 15, 2002, respondent filed a motion to dismiss which this magistrate has converted to a motion for summary judgment. * * *" (Nov. 26, 2002 Magistrate's Decision.)

{¶ 13} The magistrate concluded that relator's action, although styled as a mandamus action, actually seeks declaratory judgment because this court must determine whether the amendment to R.C. 3318.31 is unconstitutional in order to provide relator with any relief. Because this court does not have jurisdiction over declaratory judgment actions, the magistrate recommended that this court dismiss relator's case.

{¶ 14} Relator has filed six objections to the magistrate's decision. The objections resolve to two assertions: (1) the magistrate erroneously converted SERB's motion to dismiss into a motion for summary judgment without requisite notice to relator, and (2) the magistrate erred in characterizing and dismissing relator's mandamus action as a declaratory judgment action where, even though the constitutionality of the amendment to R.C. 3318.31(B) is at issue, complete relief can be provided to relator on grounds that do not involve a constitutional question. Because our disposition of relator's second assertion is dispositive, we address it first.

{¶ 15} Relator contends that this court can order SERB both to reinstate relator's six petitions and to find probable cause to support relator's ULP charge without this court's reaching the constitutional question. SERB, however, dismissed relator's petitions on the ground that Am.Sub.H.B. No. 405's amendment to R.C. 3318.31(B) renders the employees at issue exempt, and thus not "public employees," under the Public Employees Collective Bargaining Act. Whether the amendment to R.C. 3318.31(B) is constitutional, and therefore applicable in this case, must be decided to afford relator full relief. Moreover, because this court's jurisdiction to decide the constitutional matter is questioned, we first must determine that issue.

{¶ 16} In order for a writ of mandamus to issue, relator must demonstrate that (1) it has a clear legal right to the relief prayed for; (2) SERB is under a corresponding legal duty to perform the requested act; and (3) relator has no plain and adequate remedy at law. R.C. 2731.05; *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL–CIO, CLC v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 157, 158, 609 N.E.2d 1266.

{¶ 17} The Ohio Supreme Court's opinion in *State ex rel. Dayton Fraternal Order of Police Lodge No. 44 v. State Emp. Relations Bd.* (1986), 22 Ohio St.3d 1, 22 OBR 1, 488 N.E.2d 181 ("*Dayton FOP*") is instructive in resolving the jurisdictional issue that relator's complaint raises. In *Dayton FOP*, the Fraternal Order of Police ("FOP") filed with SERB a request that it be voluntarily recognized as the bargaining unit for supervisors of the Dayton Police Department holding the ranks of sergeant, lieutenant, and captain. The city of Dayton objected to the composition of the unit because the bargaining unit the FOP proposed consisted of persons who, as a result of the "Dayton Amendment" to the Public Employees Collective Bargaining Act, were not "public employees" and thus did not have rights under the Act for purposes of collective bargaining. In dismissing the FOP's request for recognition, SERB noted that although the Dayton Amendment may be unconstitutional as offending equal protection, SERB had no authority to declare the amendment unconstitutional. Applying the terms of the Dayton Amendment, SERB concluded that the Dayton Police Department sergeants, lieutenants, and captains did not have the right to engage in collective bargaining.

{¶ 18} Similar to relator here, the Dayton FOP filed a complaint, albeit in the Supreme Court, seeking a writ of mandamus (1) to require SERB to reinstate the FOP's request for recognition of the bargaining unit and to rule on it in accordance with the law, and (2) to have the Supreme Court declare the Dayton Amendment unconstitutional. Like SERB here, the city in *Dayton FOP* argued that mandamus is not an appropriate remedy because the FOP had an adequate

remedy at law, as the FOP in actuality was seeking a declaratory judgment on the constitutionality of a statute. Id.

{¶ 19} The Supreme Court determined that the FOP properly sought mandamus relief. Id. at 8, 22 OBR 1, 488 N.E.2d 181. The court noted that R.C. 4117.06 precluded the FOP, like relator here, from appealing SERB's order finding the proposed bargaining unit inappropriate for purposes of collective bargaining under the Act. Id. at 7, 22 OBR 1, 488 N.E.2d 181. Rejecting the city's contention that the FOP should bring a declaratory judgment action in a trial court, the court stated, " '[W]here declaratory judgment would not be a complete remedy unless coupled with ancillary relief in the nature of mandatory injunction, the availability of declaratory injunction is not an appropriate basis to deny a writ to which the relator is otherwise entitled.' " Id. at 8, 22 OBR 1, 488 N.E.2d 181, quoting State ex rel. Fenske v. McGovern (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, paragraph two of the syllabus. As Dayton FOP observed, "[t]he relator herein and the employees it seeks to represent will be denied recognition of their rights under the Act until a final determination is made as to the constitutionality of the provision in question. Through any appeal process, assuming one was available, the final determination would be months, and more likely years, away and these employees would never be able to recover or enjoy those rights accorded to employees by the Act." Id. at 7–8, 22 OBR 1, 488 N.E.2d 181.

{¶ 20} The court concluded that the FOP did not have a plain or adequate remedy at law, and therefore could properly bring an action in mandamus. Id. at 8, 22 OBR 1, 488 N.E.2d 181. Upon finding the "Dayton Amendment" unconstitutional, the Supreme Court stated that the FOP had a clear legal right to have SERB consider its Request for Voluntary Recognition in accordance with the law, and SERB had a clear legal duty to consider the request. Id. The court accordingly issued a writ of mandamus ordering SERB to reinstate the FOP's case. Id.

{¶ 21} The court's rationale in Dayton FOP applies equally in the case before us. Here, SERB dismissed relator's petitions for amendment and clarification of a bargaining unit because, upon applying the terms of R.C. 3318.31(B) as amended by Am.Sub.H.B. No. 405, SERB concluded that the employees in question are not "public employees" as defined in R.C. 4117.01 of the Act and are thus exempted from collective bargaining. SERB's determination is final, conclusive and not appealable. R.C. 4117.06(A); Dayton FOP, 22 Ohio St.3d at 7, 22 OBR 1, 488 N.E.2d 181. See, also, State ex rel. Glass, Molders, supra, at 158–159, 609 N.E.2d 1266 (concluding that, because no direct right of appeal exists from SERB's decision that a proposed bargaining unit is inappropriate, mandamus is an appropriate remedy). As in Dayton FOP, relator here and the employees it

seeks to represent do not have a plain or adequate remedy at law because they will be denied recognition of their rights under the Act until a final determination is made as to the constitutionality of R.C. 3318.31(B)'s amendment. The availability of an action for declaratory judgment does not bar the issuance of a writ of mandamus in those circumstances. *Dayton FOP,* 22 Ohio St.3d at 8, 22 OBR 1, 488 N.E.2d 181. Accordingly, relator properly brought an action for mandamus in this court to seek relief from SERB's dismissing relator's petitions, even though the action also seeks a declaration as to the constitutionality of the amendment to R.C. 3318.31(B).

{¶ 22} Moreover, an action for mandamus is properly before this court with regard to SERB's dismissing relator's ULP charge. SERB's order dismissing relator's ULP charge for lack of probable cause is not reviewable by direct appeal. *State ex rel. Portage Lakes Edn. Assn., OEA/NEA v. State Emp. Relations Bd.,* 95 Ohio St.3d 533, 2002-Ohio-2839, 769 N.E.2d 853, ¶ 35, citing *Ohio Assn. of Pub. School Emp., Chapter 643, AFSCME/AFL–CIO v. Dayton City School Dist. Bd. of Edn.* (1991), 59 Ohio St.3d 159, 572 N.E.2d 80, syllabus; *Gunn v. Euclid Teachers Assn.* (1989), 65 Ohio App.3d 312, 583 N.E.2d 1324, jurisdictional motion overruled (1990), 50 Ohio St.3d 707, 553 N.E.2d 683. The Ohio Supreme Court has held that " '[a]n action in mandamus is the appropriate remedy to obtain judicial review of orders by the State Employment Relations Board dismissing unfair labor practice charges for lack of probable cause.' " *Portage Lakes,* supra, quoting *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 173, 689 N.E.2d 962, syllabus. Accordingly, relator's action for mandamus is appropriate to obtain our review of SERB's order dismissing relator's ULP complaint for lack of probable cause.

{¶ 23} Because relator's action is properly before this court as one for mandamus, even though the constitutionality of a statute is raised, we now address whether Am.Sub.H.B. No. 405's amendment to R.C. 3318.31(B) is constitutional.

{¶ 24} Relator contends that the amendment of R.C. 3318.31(B) under Am.Sub. H.B. No. 405 is unconstitutional because the part of the enacted bill which amends the statute violates the "one-subject rule" of Section 15(D), Article II of the Ohio Constitution, which provides that "[n]o bill shall contain more than one subject, which shall be clearly expressed in its title."

{¶ 25} The Ohio Supreme Court advises that the one-subject rule " 'is merely directory in nature.' " *Simmons–Harris v. Goff* (1999), 86 Ohio St.3d 1, 14, 711 N.E.2d 203, quoting *State ex rel. Dix v. Celeste* (1984), 11 Ohio St.3d 141, 11 OBR 436, 464 N.E.2d 153, syllabus. " '[E]very presumption in favor of the

enactment's validity should be indulged' " and courts should give " 'the General Assembly great latitude in enacting comprehensive legislation by not construing the one-subject provision so as to unnecessarily restrict the scope and operation of laws, or to multiply their number excessively, or to prevent legislation from embracing in one act all matters properly connected with one general subject.' " *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 496, 715 N.E.2d 1062, quoting *Hoover v. Franklin Cty. Bd. of Commrs.* (1985), 19 Ohio St.3d 1, 6, 19 OBR 1, 482 N.E.2d 575, and *Dix* at 145, 11 OBR 436, 464 N.E.2d 153, respectively. " '[T]he one-subject provision is not directed at plurality but at disunity in subject matter.' " *Sheward* at 496, 715 N.E.2d 1062, quoting *Dix* at 146, 11 OBR 436, 464 N.E.2d 153.

{¶ 26} Nonetheless, the Supreme Court cautions that " 'when there is an absence of common purpose or relationship between specific topics in an act and when there are no discernible practical, rational or legitimate reasons for combining the provisions in one act, there is a strong suggestion that the provisions were combined for tactical reasons, *i.e.,* logrolling. Inasmuch as this was the very evil the one-subject rule was designed to prevent, an act which contains such unrelated provisions must necessarily be held to be invalid in order to effectuate the purposes of the rule.' " *Simmons–Harris,* 86 Ohio St.3d at 14, 711 N.E.2d 203, quoting *Dix,* 11 Ohio St.3d at 145, 11 OBR 436, 464 N.E.2d 153. The "pivotal question" is whether the various topics in an act "share a common purpose or relationship, *i.e.,* whether they unite to form a single subject for purposes of Section 15(D), Article II of the Ohio Constitution." *Sheward,* 86 Ohio St.3d at 497, 715 N.E.2d 1062.

{¶ 27} The provision amending R.C. 3318.31(B) is only a very small part of Am.Sub.H.B. No. 405, which amends, enacts, or repeals over 90 sections of the Ohio Revised Code, including 10 separate titles and numerous chapters of the Revised Code, and it contains 44 uncodified sections of law. The subjects of the bill include appropriations, services for persons with mental retardation or other developmental disabilities, membership of county boards of mental retardation and developmental disabilities, property tax exemptions for Edison program grantees, modification of Local Government Fund and Tobacco Master Settlement Agreement Fund distributions, expanded use of the Corporate and Uniform Commercial Code Filing Fund, revision of provisions of the TANF Housing Program within the Department of Development, authorization of transfers from the Budget Stabilization Fund to the General Revenue Fund, authorization for the State Lottery Commission to participate in a multistate lottery, modification of liability of county recorders, creation of a committee to study the impact of gambling, permitting certain nursing homes to apply for Medicare certification of

certain beds, revising the requirement for independent healthcare actuarial reviews of mandated benefits, and reducing the cigarette tax stamp discount.

{¶ 28} Am.Sub.H.B. No. 405 may be loosely described as an "appropriations" bill. Appropriations bills are different from other Acts of the General Assembly because necessity requires that they "encompass many items, all bound by the thread of appropriations." *Simmons–Harris*, 86 Ohio St.3d at 16, 711 N.E.2d 203. Riders attached to appropriations bills, however, must be viewed with caution because "[r]iders are provisions that are included in a bill that is ' "so certain of adoption that the rider will secure adoption not on its own merits, but on [the merits of] the measure to which it is attached." ' " Id., quoting *Dix*, 11 Ohio St.3d at 143, 11 OBR 436, 464 N.E.2d 153, quoting Ruud, "No Law Shall Embrace More Than One Subject" (1958), 42 Minn.L.Rev. 389, 391.

{¶ 29} Am.Sub.H.B. No. 405's provision amending R.C. 3318.31 is, in essence, a rider attached to an appropriations bill that contains a multitude of unrelated subjects. The amendment to R.C. 3318.31 exempting OSFC employees from the provisions of the Public Employees Collective Bargaining Act does not share a common purpose with and has no discernible practical or rational relationship to the other provisions in the enacted bill. Thus, the provision in Am.Sub.H.B. No. 405 that amends R.C. 3318.31 is unconstitutional in that it violates the one-subject provision of Section 15(D), Article II of the Ohio Constitution.

{¶ 30} Because the amendment to R.C. 3318.31(B) is unconstitutional, it is null and void. Invalidity of the subject provision does not affect the other provisions of the enacted bill of which the unconstitutional provision is a part. See, e.g., *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 464–465, 668 N.E.2d 457. Accordingly, we sever the offending portion of Am.Sub.H.B. No. 405 to cure the defect and save the portions of the enacted bill, other than the amendment to R.C. 3318.31, which relate to a single subject. See, e.g., *State ex rel. Hinkle v. Franklin Cty. Bd. of Elections* (1991), 62 Ohio St.3d 145, 148–149, 580 N.E.2d 767.

{¶ 31} R.C. 3318.31(B)'s amendment being invalid, the OSFC employees are not exempted from the provisions of R.C. Chapter 4117. Accordingly, relator has a clear legal right to have SERB consider its six petitions for Amendment of Certification and Clarification of Bargaining Unit in accordance with the law, and SERB is under a clear legal duty to consider the petitions in accordance with the law. *Dayton FOP*, 22 Ohio St.3d at 8, 22 OBR 1, 488 N.E.2d 181. A writ properly should issue in that regard. The relief granted to relator renders moot its remaining objection that the magistrate erred in converting SERB's motion to dismiss into a motion for summary judgment without requisite notice to relator. Therefore, we will not address the objection.

{¶ 32} As to SERB's dismissal of relator's ULP charge, the record before this court is insufficient for this court to determine whether SERB abused its discretion in dismissing the ULP charge for lack of probable cause. Accordingly, we deny relator's request for this court to issue a writ ordering relief in that regard.

{¶ 33} Following independent review pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and we adopt them as our own. We, however, reject the magistrate's conclusions of law, and for the reasons set forth in this decision, we issue a writ of mandamus ordering SERB to reinstate relator's six petitions upon its docket within 30 days from the date of issuance of the writ and to render its decision on the petitions in accordance with the law.

Objections sustained in part
and rendered moot in part;
writ granted in part
and denied in part.

TYACK and LAZARUS, JJ., concur.