CUYAHOGA COUNTY VETERANS SERVICES COMMISSION et al., Appellants,

v.

The STATE of Ohio, Appellee.

[Cite as *Cuyahoga Cty. Veterans Serv. Comm. v. State*, 159 Ohio App.3d 276, 2004-Ohio-6124.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–1251.

Decided Nov. 18, 2004.

278

Thomas P. O'Donnell, for appellants Cuyahoga County Veterans Services Commission and Daniel T. Weist.

Michael A. Moses, for appellants Ohio Association of Veteran Service Commissioners and Ohio State Association of County Veteran Service Officers.

Jim Petro, Attorney General, and Holly J. Hunt, Assistant Attorney General, for appellee.

LAZARUS, Presiding Judge.

{¶ 1} Plaintiffs-appellants, Cuyahoga County Veterans Service Commission and Daniel T. Weist, and intervenor-appellants, Ohio Association of Veteran Service Commissioners and Ohio State Association of County Veteran Service Officers (collectively, "appellants"), appeal from the judgment of the Franklin County Court of Common Pleas granting the motion of defendant-appellee, the state of Ohio, for judgment on the pleadings. For the reasons that follow, we affirm.

{¶ 2} Appellants sought a declaratory judgment that certain provisions of 2002 Am.Sub.S.B. No. 261, a statewide appropriations bill, were unconstitutional. Specifically, appellants contended that the portion of Am.Sub.S.B. No. 261 that revised procedures for county veterans service commissions violated the uniformity clause and the one-subject rule of the Ohio Constitution. The state filed a motion for judgment on the pleadings, and, after briefing, the trial court granted the motion by decision and entry dated November 18, 2003. The trial court concluded that "no blatant disunity exists," between the provisions at issue and the appropriations bill of which they were a part, and therefore the legislation did not violate the one-subject rule. The trial court also determined that the operation of the law was not specifically restricted to certain counties, although, at the present time, it was applicable only to certain counties. Accordingly, the trial court concluded that the legislation did not violate the Uniformity Clause of the Ohio Constitution.

{¶ 3} On appeal, appellants Cuyahoga County Veterans Service Commission and Daniel T. Weist assign the following as error:

Whether the trial court erred in granting the defendant's motion for judgment on the pleadings?

{¶ 4} Intervenor-appellants Ohio Association of Veteran Service Commissioners and Ohio State Association of County Veteran Service Officers assign the following as error:

Assignment of Error No. 1

The decision of the common pleas court was erroneous insofar as Am. Sub. S.B. No. 261 and Am. Sub. H.B. No. 95 violate the provisions of the Single–Subject Clause of the Ohio Constitution, Section 15(D), Article II.

Assignment of Error No. 2

The decision of the common pleas court was erroneous insofar as Am. Sub. S.B. No. 261 and Am. Sub. H.B. No. 95 violate the provisions of the Uniformity Clause of the Ohio Constitution, Section 26, Article II.

{¶ 5} Although articulated differently, the appellants raise two issues in their assignments of error and their briefs: Do the specified provisions of 2002 Am.Sub.S.B. No. 261 violate the single-subject rule, and do they violate the Uniformity Clause of the Ohio Constitution?

{¶ 6} A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674. In reviewing the trial court's decision to grant the motion, this court conducts a de novo review of the legal issues without deference to the trial court's determination. Id. Dismissal of a complaint is appropriate under Civ.R. 12(C) where, construing all material allegations in the

complaint along with all reasonable inferences drawn therefrom in favor of the plaintiff as the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id., citing *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931.

{¶ 7} In their first argument and assignment of error, appellants contend that Am.Sub.S.B. No. 261 violates Section 15(D), Article II of the Ohio Constitution, the one-subject rule, which provides that no bill of the General Assembly "shall contain more than one subject, which shall be clearly expressed in its title."

{¶ 8} The Supreme Court of Ohio in *State ex rel. Dix v. Celeste* (1984), 11 Ohio St.3d 141, 145, 11 OBR 436, 464 N.E.2d 153, described the purpose of this provision:

> [W]hen there is an absence of common purpose or relationship between specific topics in an act and when there are no discernible practical, rational or legitimate reasons for combining the provisions in one act, there is a strong suggestion that the provisions were combined for tactical reasons, i.e., logrolling. Inasmuch as this was the very evil the one-subject rule was designed to prevent, an act which contains such unrelated provisions must necessarily be held to be invalid in order to effectuate the purposes of the rule.

{¶ 9} Only a "manifestly gross and fraudulent violation" of the single-subject provision will cause a court to find a statute unconstitutional. *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 494, 715 N.E.2d 1062. "The mere fact that a bill embraces more than one topic is not fatal, as long as a common purpose or relationship exists between the topics." Id. at 496, 715 N.E.2d 1062.

{¶ 10} "The one-subject provision is not directed at plurality but at disunity in subject matter." Id., citing *Dix,* 11 Ohio St.3d at 146, 11 OBR 436, 464 N.E.2d 153, and *State ex rel. Hinkle v. Franklin Cty. Bd. of Elections* (1991), 62 Ohio St.3d 145, 148, 580 N.E.2d 767. Assessment of an enactment's constitutionality will be primarily a matter of a "case-by-case, semantic and contextual analysis." *Dix* at 145, 11 OBR 436, 464 N.E.2d 153.

{¶ 11} In this case, Am.Sub.S.B. No. 261 qualifies as an appropriations bill. Appropriations bills are different from other acts of the General Assembly because necessity requires that they "encompass many items, all bound by the thread of appropriations." *Simmons–Harris v. Goff* (1999), 86 Ohio St.3d 1, 16, 711 N.E.2d 203. Riders attached to appropriations bills, however, must be viewed with caution because "[r]iders are provisions that are included in a bill that is ' "so certain of adoption that the rider will secure adoption not on its own merits, but on [the merits of] the measure to which it is attached." ' " Id.,

quoting *Dix*, 11 Ohio St.3d at 143, 11 OBR 436, 464 N.E.2d 153, quoting Ruud, "No Law Shall Embrace More Than One Subject" (1958), 42 Minn.L.Rev. 389, 391.

{¶ 12} In *Simmons–Harris*, the Supreme Court of Ohio held that the school voucher program violated the one-subject rule because it was "in essence little more than a rider attached to an appropriations bill." Id., 86 Ohio St.3d at 16, 711 N.E.2d 203. The court found a blatant disunity between the school voucher program and other items contained in the appropriations bill. In addition, the court could find no rational reason for inclusion of the program in the bill other than tactical reasons. Id. at 16–17, 711 N.E.2d 203.

{¶ 13} Appellants argue that the provisions of Am.Sub.S.B. No. 261 dealing with veterans service commissions are in essence a rider attached to an appropriations bill that contains many unrelated subjects. The provisions of Am.Sub.S.B. No. 261 at issue in this case are amendments to R.C. 5901.02 and 5901.03 as well as the enactment of a new section, R.C. 5901.021. The modifications relate to membership on veterans service commissions and their submission of operating budgets to boards of county commissioners. Also within the legislation is a provision authorizing county commissioners of counties with populations in excess of 500,000 to appoint additional members to the veterans service commissions if the commission budget request exceeds certain thresholds. Appellants contend that these provisions relate to local budget matters, not state appropriations, and therefore lack a common purpose with the other provisions in Am.Sub.S.B. No. 261.

{¶ 14} Am.Sub.S.B. No. 261 creates changes to the county veterans service commissions. The subject of funding and budgeting by agencies and political subdivisions is implicated throughout the bill. County budgeting processes are necessarily affected by overall state appropriations even when a specific section of a bill relates only to budgeting of local government funds. Even though Am.Sub.S.B. No. 261 did not appropriate funds or change the level of appropriation county commissioners are authorized to grant to veterans service commissions, the changes that appellants find most offensive are, according to appellants, designed to give county commissioners the power to control the veterans service commission budget by appointing more members to the veterans service commissions. As set forth in their complaint for declaratory and injunctive relief, appellants alleged that "the sections amending O.R.C. Chapter 5901 effectively eliminate or severely restrict the ability of the Plaintiffs to administer and fund the Cuyahoga County VSC." Restricting funding is as much a part of an appropriations bill as granting funds. Consequently, we conclude that the provisions amending R.C. Chapter 5901 are sufficiently related to funding and budgeting to pass constitutional muster under the one-subject rule.

{¶ 15} In their second argument, appellants contend that Am.Sub.S.B. No. 261 violates Article II, Section 26 of the Ohio Constitution, the Uniformity Clause, because the state lacks a rational basis for enacting a bill that affects only a small number of counties. The state first argues that appellants failed to argue against the general nature of the application of Am.Sub.S.B. No. 261 at the trial court. Second, the state argues that the law has the potential to apply throughout the state.

{¶ 16} The Supreme Court of Ohio discussed the Uniformity Clause in *Put–In–Bay Island Taxing Dist. Auth. v. Colonial, Inc.* (1992), 65 Ohio St.3d 449, 605 N.E.2d 21, as follows:

> Section 26, Article II requires that "[a]ll laws, of a general nature, *shall have a uniform operation throughout the state*\* \* \*." (Emphasis added.) Section 26, Article II applies to all subjects except those explicitly and exclusively provided for by other sections of the Constitution. See Mallison, General Versus Special Statutes in Ohio (1950), 11 Ohio St.L.J. 462, at 463–464. Further, it is well settled that this section of the Constitution is mandatory and not merely directory. See *State ex rel. Wirsch v. Spellmire* (1902), 67 Ohio St. 77, 65 N.E. 619. In addition, this court has observed that "\* \* \* 'uniform operation throughout the state' means universal operation as to territory; it takes in the whole state. And, *as to persons and things, it means universal operation as to all persons and things in the same condition or category.* When a law is available in every part of the state as to all persons and things in the same condition or category, it is of uniform operation throughout the state." (Emphasis added.) Id. at 86, 65 N.E. at 622.

Id. at 450–451, 605 N.E.2d 21.

{¶ 17} Thus, in order to determine whether legislation violates the Uniformity Clause, the court must first consider whether the law is of a general nature and, second, whether the law operates uniformly throughout the state. A law is general if the subject does or may exist in, and affect the people of, every county in the state. *Simmons–Harris*, 86 Ohio St.3d at 12, 711 N.E.2d 203. In *Simmons–Harris*, the Supreme Court of Ohio determined that schools are a subject of general nature and because the school voucher program was of a general nature the Uniformity Clause applied. Id. The court then determined that the former school voucher program that was limited to one school district violated the Uniformity Clause. Id. The court then went on to determine that the amended version of the school voucher program, although extremely limited in its current application, did not violate the Uniformity Clause. Id. at 14, 711 N.E.2d 203. This was because the court found that the amended statute operated upon every person included within its operative provisions and that those operative provisions were not arbitrarily or unnecessarily restrictive. Id.

{¶ 18} In this case, the subject matter of the provision at issue is the composition of veterans service commissions throughout the counties of the state. Each of Ohio's 88 counties has a board of commissioners appointed to administer veterans programs in its county. R.C. 5901.02. The provision in the bill that most concerns appellants is R.C. 5901.021, which permits increases in the membership of the veterans service commissions in those counties having a larger population, a larger number of veterans, and, hence, greater budgetary needs. However, the subject matter of the legislation, the composition of veterans service commissions, does affect the people of every county in the state. Therefore, we conclude that the legislation at issue here should be considered to be a law of a general nature in connection with the Uniformity Clause.

{¶ 19} Appellants' contention that the statute lacks a rational basis because the provision to increase the size of the commissions applies to the more populous counties is more properly characterized under the second inquiry, whether the statute operates uniformly across the state. Appellants contend that the legislation was created to provide special powers to the county commissioners in the largest counties in order to stack the veterans commissions with political appointees who could reduce the budget or services to veterans. The Supreme Court of Ohio has held that uniformity does not require that the statute actually have current application in every county and that a statute may even apply to only one case. However, its terms must be uniform, and it must at least have the possibility of applying to cases similarly situated in the future. *Kelleys Island Caddy Shack, Inc. v. Zaino*, 96 Ohio St.3d 375, 377, 2002-Ohio-4930, 775 N.E.2d 489.

{¶ 20} Recently, in *In re Certificate of Need Application of Holzer Consol. Health Sys.*, Franklin App. No. 03AP–1020, 2004-Ohio-5533, 2004 WL 2341322, this court invalidated a provision of Am.Sub.S.B. No. 261 that involved the relocation of long-term nursing home beds. This court found that the statute did not operate in a uniform manner throughout the state because it did not have the potential to apply to any county in the state or any other nursing home operators other than the nursing home that was applying for the relocation of beds. Id. at ¶ 28.

{¶ 21} The instant case is not such a narrowly tailored piece of legislation. The statute applies to all counties across the state that had a population, according to the most recent decennial census, of more than 400,000 (now 500,000) and that submit a budget request that exceeds a certain amount. R.C. 5901.021(A) and (B)(1). The fact that only a few counties currently meet those provisions does not render it unconstitutional under the Uniformity Clause because the statute has the potential to apply in the future to other counties.

{¶ 22} Thus, we conclude that the statute operates in a uniform manner within the meaning of the Uniformity Clause because it does have the potential to apply to any county in the state that meets the operative provisions. For this reason, appellants' argument that the statute violates the Uniformity Clause of the Ohio Constitution is not well taken.

{¶ 23} Based on the foregoing, appellants Cuyahoga County Veterans Service Commission and Daniel T. Weist's assignment of error is overruled, and intervenor-appellants Ohio Association of Veteran Service Commissioners and Ohio State Association of County Veteran Service Officers' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BROWN and SADLER, JJ., concur.