OPINION
{¶ 1} Intervenor-plaintiff-appellant, Time Warner Cable ("TWC"), a division of Time Warner Entertainment Co., L.P., appeals the decision of the Warren County Court of Common Pleas granting the Civ.R. 12(B)(6) motion to dismiss filed by defendant-appellee, the city of Lebanon. We reverse the decision of the trial court and remand this matter for further proceedings.
 {¶ 2} In March 2002, the city of Lebanon enacted legislation requiring new residential and commercial construction in the city to connect to the city owned and operated broadband telecommunications system. The broadband line is capable of providing cable television, internet, telephone, and meter reading services. Connection is mandatory, while use of the services offered over the broadband line is not. The city also enacted legislation which requires that mandatory fees of $1,250 per residential unit and $2,000 per commercial unit be paid to connect to the broadband line.
 {¶ 3} TWC provides analog and digital cable television service within Lebanon pursuant to a 1996 franchise agreement. This agreement prohibits it from collecting any connection fee where certain population density requirements are met. TWC also provides high-speed internet access over its cable lines. TWC intervened as a plaintiff in a suit brought by the Home Builders Association of Miami Valley and others challenging the city's legislation requiring connection to the broadband line and payment of the related connection fee. TWC's complaint alleged that the ordinances violate R.C. 1332.04. This code section prohibits political subdivisions that are public cable providers from discriminating against private cable service providers in favor of their own service.
 {¶ 4} The city moved to dismiss TWC's complaint pursuant to Civ.R. 12(B)(6) arguing that R.C. 1332.04 is unconstitutional as it impermissibly impinges on the city's "home rule" powers granted under the Ohio Constitution, Art. XVIII. The city argued that the legislation was a valid exercise of its constitutional powers of self-government, not subject to interference by legislation adopted by the Ohio General Assembly. Alternatively, the city argued that the legislation is an exercise of the city's constitutional police powers that may be limited only to the extent it conflicts with the state's general laws. TWC in turn moved for summary judgment.
 {¶ 5} The trial court initially denied the motion to dismiss, but later granted the motion in part, upon the city's motion to reconsider. The trial court granted the motion to dismiss as it related to TWC's claims under R.C. 1332.04, concluding, in part, that R.C. 1332.04 is unconstitutional as applied to the city's legislation. The trial court made no finding as to whether the legislation violates R.C. 1332.04, but rather found that the state statute is not a "general law," and thus may not interfere with the city's exercise of its police power. TWC has appealed, raising two assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The trial court erred in dismissing twc's claims Arising Under O.R.C. Section 1332.04."
 {¶ 8} A motion to dismiss, filed pursuant to Civ.R. 12(B), is a procedural mechanism which tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. ofCommrs., 65 Ohio St.3d 545, 548, 1992-Ohio-73. In construing a complaint upon a motion to dismiss for failure to state a claim, the material allegations of the complaint are taken as admitted and all reasonable inferences are drawn in favor of the nonmoving party. Id. Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. Id. The court may look only to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. A court may not use the motion to summarily review the merits of the cause of action. State ex. rel. Martinelli v. Corrigan,68 Ohio St.3d 362, 363, 1994-Ohio-179. A reviewing court conducts a de novo review of a trial court's decision on a motion to dismiss as such a motion presents a question of law. Schiavoni v. SteelCity Corp. (1999), 133 Ohio App.3d 314, 317.
 {¶ 9} In the present case, TWC sought a declaratory judgment and injunctive relief pursuant to R.C. 1332.09(B). This section provides as follows:
 {¶ 10} "A person that is or is likely to be adversely affected by a violation of division (A), (B), or (C) of section1332.04 or division (C) of section 1332.05 of the Revised Code may bring a civil action for declaratory or injunctive relief in a court of common pleas. Such person that is or is likely to be adversely affected includes a person that provides, or has filed a pending application to provide, within the jurisdiction of the political subdivision, cable service over a cable system, and includes any other political subdivision in which such allegedly noncomplying political subdivision is, or has filed a pending application to become, a public cable service provider."
 {¶ 11} TWC's complaint avers in pertinent part that Lebanon's telecommunications ordinances violate R.C. 1332.04(B)(1)(a) and (b), that TWC is a cable service provider within Lebanon, and that TWC is adversely affected as Lebanon's violations of R.C.1332.04(B) provide an advantage to the city's publicly-owned telecommunications system, contrary to the statutory provisions.
 {¶ 12} Having independently and thoroughly examined the complaint and having construed the facts and all inferences therefrom as being true, this court finds that the trial court improperly dismissed the complaint pursuant to Civ.R. 12(B)(6). The instant case does not present a situation in which TWC is unable to prove any set of facts that would entitle it to recovery. All elements of the cause of action have been sufficiently pled and, therefore, this action must be permitted to proceed at the trial court level. As discussed in Corrigan,
a motion to dismiss is not an opportunity for a trial judge to address the matter on its merits. The sole issue before a trial judge is whether the facts as alleged in the complaint, if construed as true, establish the cause of action provided for in the complaint. The sole requirement to survive a motion to dismiss, which has been met in the present case, is an allegation as to each of the elements of the cause of action.
 {¶ 13} In entertaining the constitutional arguments argued by the parties, the trial court exceeded the appropriate scope of review on a motion to dismiss. See Petrey v. Simon (1983),4 Ohio St.3d 154, 156. All legislation enjoys a presumption of constitutionality and where a matter can be resolved on other grounds, the constitutional question should not be determined.State, ex rel. Purdy v. Clermont Cty. Bd. of Elections,77 Ohio St.3d 338, 345-46, 1997-Ohio-278; Rispo Realty Dev. Co. v.City of Parma (1990), 55 Ohio St.3d 101, 105. As noted above, a trial court should review a motion to dismiss only to determine if the facts alleged, if true, establish the cause of action provided for in the complaint. Id. We further note that there are only two reasons for dismissing a complaint for declaratory judgment pursuant to Civ.R. 12(B)(6): 1.) "where there is no real controversy or justiciable issue between the parties," and 2.) "when the declaratory judgment will not terminate the uncertainty or controversy[.]" Fioresi et al. v. State Farm Mutual Ins. Co.
(1985), 26 Ohio App.3d 203, 203-204. Neither reason exists in the present matter.
 {¶ 14} We conclude that the trial court erred in granting Lebanon's motion to dismiss and in dismissing TWC's complaint for failure to state a claim upon which relief can be granted. The first assignment of error is sustained and this matter is remanded to the trial court for further proceedings.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "The trial court erred in denying Twc's motion for summary judgment alleging that the ordinance violates O.R.C. Section 1332.04."
 {¶ 17} Section 3(B)(2), Article IV of the Ohio Constitution limits appellate jurisdiction to the review of judgments and final orders of lower courts. This section provides:
 {¶ 18} "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies."
 {¶ 19} The denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal. Stevens v. Ackman, 91 Ohio St.3d 182, 186,2001-Ohio-249, citing Celebrezze v. Netzley (1990),51 Ohio St.3d 89, 90; see, also, State ex rel. Overmeyer v. Walinski
(1966), 8 Ohio St.2d 23. TWC has not pointed to any exception to this general rule which would permit this court to review the denial of TWC's motion for summary judgment. We consequently lack jurisdiction to consider this issue.
Judgment reversed and remanded.
Powell, P.J., and Valen, J., concur.