OPINION
{¶ 1} Plaintiffs-appellants, Charles and Carol Parker and Charles and Louise Curtis, appeal from a judgment of the Franklin County Court of Common Pleas dismissing their action against defendant-appellee, the City of Upper Arlington (the "City"). For the following reasons, we affirm in part, reverse in part, and remand.
 {¶ 2} On September 15, 2004, appellants filed a complaint against the City seeking a declaratory judgment and a writ of mandamus. Appellants' action stems from the City's decision to install stop signs, painted crosswalks, and sidewalk ramps at the intersection of Castleton Road and Winterset Road. Appellants, who live near this intersection, believe that the stop signs, painted crosswalks, and sidewalks ramps create a dangerous condition and want them removed.
 {¶ 3} Castleton Road curves immediately before intersecting with Winterset Road. In their complaint, appellants alleged that due to this curvature, a driver traveling westbound on Castleton Road only has a sight distance of 140 feet, which provides inadequate time to stop for a pedestrian crossing at the Castleton and Winterset intersection. Given this safety hazard, the City identified three alternatives: (1) to declare the intersection unsafe; (2) to install stop signs at the intersection; or (3) to install a series of signs warning drivers about the crosswalk ahead. The City chose the second alternative and proposed an ordinance that mandated the installation of stop signs, painted crosswalks, and sidewalk ramps. Residents living near the Castleton and Winterset intersection objected to the proposed ordinance on the grounds that it "would not remedy the hazardous condition and would result in the injury and possible deaths of pedestrians invited to use the implied safety of the * * * crosswalks." (Complaint, at ¶ 8.) Despite the residents' protests, the City passed the proposed ordinance — Ordinance No. 106-2004 — and installed the stop signs, painted crosswalks, and sidewalk ramps.
 {¶ 4} After the City rejected the residents' concerns, appellants filed suit against the City, maintaining that the City's "actions in passing Ordinance No. 106-2004 and in constructing an unnecessary traffic pattern that is dangerous" constituted a violation of their due process rights under the federal Constitution and an impermissible exercise of police power in violation of Section 3, Article XVIII of the Ohio Constitution. (Complaint, at ¶ 14-16, 19-21.) Furthermore, appellants asserted that the installation of the stop signs, painted crosswalks, and sidewalk ramps created a public nuisance. Based upon these averments, appellants requested that the trial court issue a declaratory judgment: (1) "determin[ing] that the Defendant City of Upper Arlington's Ordinance No. 106-2004 is invalid, illegal, and in violation of the U.S. and Ohio Constitution[s] because [it] is an unreasonable and impermissible exercise of Defendant's police power"; and (2) awarding appellants "all costs associated with the City's actions including, but not limited to, actual damages, compensatory damages and attorney fees of not less than Fifty Thousand Dollars ($50,000)." Additionally, appellants sought a writ of mandamus "compelling Defendant City of Upper Arlington to remove the crosswalks, signs and ramps, and otherwise abate the public nuisance recently created."
 {¶ 5} After answering appellants' complaint, the City filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). In this motion, the City argued that appellants' claim for monetary damages failed because R.C. Chapter 2744 entitled it to immunity from liability for such a claim and that appellants' action for mandamus failed because appellants did not allege that the City had a clear legal duty to provide the relief appellants requested.
 {¶ 6} On June 23, 2005, the trial court issued a judgment granting the City's motion and stating that:
The Court finds, as a matter of law, that there is no public nuisance and the Plaintiffs failed to establish any constitutional violation. The fact that the Plaintiffs disagree with the decision of the Defendant as to the placement of stop signs and/or cross walks [sic] does not amount to a constitutional violation. Further, the Plaintiffs' [sic] are barred from asserting claims based on the tort theory of public nuisance and money damages are precluded by R.C. Chapter 2744.
Accordingly, this Court finds the Defendant's motion for judgment on the pleadings to be well taken and said motion isGRANTED. The Court finds that, as a matter of law, the Plaintiffs are not entitled to money damages as the Defendant was engaged in a governmental function, and the Plaintiffs are not entitled to injunctive relief as the Defendant's decision whether or not to prohibit pedestrian crossing is purely discretionary. * * *
 {¶ 7} Appellants now appeal from the trial court's June 23, 2005 judgment and assign the following errors:
1. THE TRIAL COURT ERRONEOUSLY HELD THAT APPELLANTS' COMPLAINT FAILED TO STATE A CAUSE OF ACTION FOR RELIEF.
2. THE TRIAL COURT ERRONEOUSLY HELD THAT APPELLEE IS IMMUNE TO LIABILITY PURSUANT TO R.C. § 2744.02(A)(1) BECAUSE THERE EXISTS AN EXCEPTION TO THIS IMMUNITY PURSUANT TO R.C. § 2744.02(B)(3) AND FURTHER, § 2722.02 GOES TO MONETARY DAMAGES AND NOT TO DECLARATORY RELIEF.
 {¶ 8} By both of appellants' assignments of error, they challenge the trial court's grant of judgment on the pleadings pursuant to Civ.R. 12(C). A Civ.R. 12(C) motion can be characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted. Whaley v.Franklin Cty. Bd. of Commrs., 92 Ohio St.3d 574, 581, 2001-Ohio-1287. However, unlike Civ.R. 12(B)(6) motions, "Civ.R. 12(C) motions are specifically for resolving questions of law."State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 569-570. Dismissal of a complaint is appropriate under a Civ.R. 12(C) motion where, after construing all material allegations in the complaint in favor of the nonmoving party, a court "finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Id. Appellate courts review the grant of a Civ.R. 12(C) motion under the de novo standard. Cuyahoga Cty. VeteransServices Comm. v. State, 159 Ohio App.3d 276, 2004-Ohio-6124, at ¶ 6.
 {¶ 9} We will first address appellants' second assignment of error, by which they argue that R.C. Chapter 2744 does not entitle the City to immunity from liability. Appellants assert that R.C. Chapter 2744 applies only to tort claims for damages, and thus, it does not provide the City with immunity from appellants' claim for declaratory judgment. Appellants are correct that R.C. Chapter 2744 immunity is only a defense to tort claims seeking monetary damages, and not to claims seeking declaratory relief. Portage Cty. Bd. of Commrs. v. Akron,156 Ohio App.3d 657, 2004-Ohio-1665, at ¶ 186, affirmed in part, reversed in part on other grounds ___ Ohio St.3d ___,2006-Ohio-954. However, appellants' argument ignores that their claim for declaratory judgment is, in part, a disguised tort claim for monetary damages. As we stated above, appellants want the trial court to issue a "declaratory judgment" that both declares the City's actions unconstitutional and awards them actual and compensatory damages.[1] If a plaintiff prevails upon a claim for declaratory judgment, a court "may declare
rights, status, and other legal relations," not award monetary damages. R.C. 2721.02(A) (emphasis added). Accordingly, to the extent that appellants' complaint seeks a declaration regarding the unconstitutionality of the City's actions, it asserts a true declaratory judgment claim for which the City cannot escape liability through R.C. Chapter 2744. However, to the extent that appellants' complaint seeks monetary damages, it asserts a tort claim that may be barred by R.C. Chapter 2744 immunity.
 {¶ 10} Our review of appellants' complaint reveals that the only tort claim appellants pled that could entitle them to monetary damages is a claim for public nuisance. Therefore, we must determine whether the City is entitled to R.C. Chapter 2744 immunity from liability for public nuisance.
 {¶ 11} The Political Subdivision Tort Liability Act, as codified in R.C. Chapter 2744, requires courts to employ a three-tiered analysis to determine whether a political subdivision is immune from liability for tort claims. Colbert v.Cleveland, 99 Ohio St.3d 215, 2003-Ohio-3319, at ¶ 7; Cater v.Cleveland (1998), 83 Ohio St.3d 24, 28. First, pursuant to R.C.2744.02(A)(1), a court must initially find political subdivisions immune from liability incurred in performing either a governmental or proprietary function. Id. However, the immunity afforded by R.C. 2744.02(A)(1) is not absolute, but rather, it is subject to the five exceptions contained in R.C. 2744.02(B). Id. Accordingly, the second tier of the analysis requires a court to determine whether any of these exceptions apply. Colbert, at ¶ 8; Cater, at 28. If the court answers affirmatively, then it must move to the third tier: determining whether any of the R.C.2744.03 defenses against liability require the court to reinstate immunity. Colbert, at ¶ 9; Cater, at 28.
 {¶ 12} In the case at bar, appellants do not dispute that the facts pled in their complaint, even when construed in their favor, require an initial finding of immunity under the first tier of the analysis. Appellants alleged that they were damaged when the City passed Ordinance No. 106-2004 and constructed a dangerous and unnecessary traffic pattern. Thus, when the City allegedly incurred liability, it was performing a governmental function — the regulation of traffic. See R.C. 2744.01(C)(2)(j) ("A `governmental function' includes, but is not limited to * * * [t]he regulation of traffic, and the erection or nonerection of traffic signs, signals, or control devices."). As the City was performing a governmental function, it is immune under R.C.2744.02(A)(1).
 {¶ 13} Appellants maintain, however, that the exception contained in R.C. 2744.02(B)(3) strips this immunity from the City. Pursuant to R.C. 2744.02(B)(3), "political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *."[2] Appellants argue that the stop signs, painted crosswalks, and sidewalk ramps constitute "obstructions," and the City is liable for its negligent failure to remove these "obstructions." We disagree.
 {¶ 14} In the absence of any definition of the intended meaning of the words used in an ordinance, a court must give the words used their ordinary and natural meaning. Layman v. Woo,78 Ohio St.3d 485, 487, 1997-Ohio-195; Thompson Elec., Inc. v.Bank One, Akron, N.A. (1988), 37 Ohio St.3d 259, 264. To "obstruct" is to "block up[,] stop up[,] or close up[, or to] place an obstacle in or fill with obstacles or impediments to passing," as in "traffic [obstruct]ing the street." Webster's Third International Dictionary (1961) 1559. Here, the placement of stop signs, painted crosswalks, and sidewalk ramps do not serve to "block up" the Castleton and Winterset intersection or present an "obstacle or impediment to passing" through on either road. Therefore, the R.C. 2744.02(B)(3) exception does not apply, and the City is entitled to immunity from liability for appellants' public nuisance claim.
 {¶ 15} As the City is immune from tort liability, the trial court did not err in granting judgment on the pleadings with regard to that portion of appellants' declaratory judgment claim that, in reality, is a public nuisance claim. Accordingly, we overrule appellants' second assignment of error.
 {¶ 16} We now turn to appellants' first assignment of error, by which they argue that because they alleged sufficient facts to state a claim for declaratory judgment and a writ of mandamus, the trial court erred in dismissing both. Appellants assert that rather than review whether they had sufficiently pled their action, the trial court impermissibly decided their action upon its merits. We agree.
 {¶ 17} A court may dismiss a declaratory judgment claim upon a Civ.R. 12(C) motion if a plaintiff fails to plead a justiciable issue or actual controversy between the parties, or if declaratory relief will not terminate the uncertainty or controversy. Woodson v. Ohio Adult Parole Auth., Franklin App. No. 02AP-393, 2002-Ohio-6630, at ¶ 7. See, also, Home BuildersAssn. v. Lebanon, Warren App. No. CA2003-12-115, 2004-Ohio-4526, at ¶ 13 (concluding the trial court erred in dismissing a complaint that sufficiently pled all the necessary elements for a declaratory judgment action). "For purposes of a declaratory judgment action, a `justiciable issue' requires the existence of a legal interest or a right, and a `controversy' exists where there is a genuine dispute between parties who have adverse legal interests." Woodson, at ¶ 7.
 {¶ 18} In the case at bar, appellants averred in their complaint that the City's actions violated Section 3, ArticleXVIII of the Ohio Constitution — the Home Rule Amendment — and the Due Process Clause of the Fourteenth Amendment of the federal Constitution. The Home Rule Amendment confers a high degree of sovereignty upon municipalities, granting municipalities broad powers and duties with respect to roads within their jurisdictions. Cleveland v. Shaker Heights (1987),30 Ohio St.3d 49, 51. However, in order to be a valid exercise of a municipality's police power, an ordinance:
"* * * must directly promote the general health, safety, welfare or morals and must be reasonable, the means adopted to accomplish the legislative purpose must be suitable to the end in view, must be impartial in operation, must have a real and substantial relation to such purpose and must not interfere with private rights beyond the necessities of the situation."
Hausman v. Dayton, 73 Ohio St.3d 671, 678, 1995-Ohio-277, quoting Teegardin v. Foley (1957), 166 Ohio St. 449, paragraph one of the syllabus. See, also, Portsmouth v. McGraw (1986),21 Ohio St.3d 117, 119, quoting DeMoise v. Dowel (1984),10 Ohio St.3d 92, 96 (courts must uphold local self-government and police regulations "if they bear `a real and substantial relation to the public health, safety, morals, or general welfare of the public' and if they are `not unreasonable or arbitrary'"). Similarly, in order to comport with due process, an ordinance must bear a rational relationship to a legislative purpose.Desenco, Inc. v. Akron, 84 Ohio St.3d 535, 545, 1999-Ohio-368, citing Martinez v. California (1980), 444 U.S. 277, 283,100 S.Ct. 553.
 {¶ 19} Here, appellants alleged in their complaint that "[t]he City's Ordinance No. 106-2004 and actions in the installation of cross-walks, ramps and stop signs * * * is unreasonably dangerous, arbitrary, capricious, and bears no relation to the health, safety, morals or general welfare of the public." (Complaint, at ¶ 12.) To support this general allegation, appellants additionally alleged that the configuration of the intersection results in a limited sight distance for drivers, and, on at least one occasion, a driver only narrowly missed striking children using the crosswalk. Further, appellants alleged that two traffic engineers have reviewed the intersection and determined that its current configuration is unwarranted and dangerous. Given these allegations, we conclude that appellants have presented sufficient facts to state a claim alleging a violation of the federal and Ohio Constitutions.[3] Accordingly, appellants sufficiently pled an actual controversy between the parties, and thus, they have stated a claim for declaratory judgment.
 {¶ 20} Likewise, appellants have pled a sufficient basis for a writ of mandamus. A court will only grant a writ of mandamus if a relator establishes a clear legal right to the requested relief, a corresponding clear legal duty on the part of a respondent to provide it, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Steele v. Morrissey,103 Ohio St.3d 355, 2004-Ohio-4960, at ¶ 16. A mandamus action may test the constitutionality of an ordinance. State ex rel.Bd. of Commrs. v. Tablack, 86 Ohio St.3d 293, 297, 1999-Ohio-103. When a court finds an ordinance unconstitutional in a mandamus action, it may direct public bodies or officials to follow a constitutional course in completing their duties. Stateex rel. Zupancic v. Limbach (1991), 58 Ohio St.3d 130, 133. In other words, if a court determines that a challenged ordinance is unconstitutional, it may order a municipality to satisfy its clear legal duty, i.e., to rectify any action taken pursuant to the unconstitutional ordinance.
 {¶ 21} In the case at bar, the City argues, and the trial court found, that appellants failed to state an action for mandamus because the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD") makes the installation of a "No Pedestrian Crossing" sign discretionary and, thus, does not create a clear legal duty to install such a sign. This argument is unavailing. Appellants seek a writ of mandamus ordering the City to remove the stop signs, painted crosswalks, and sidewalk ramps. The existence of a clear legal duty to this requested relief is based upon the alleged unconstitutionality of the City's configuration of the intersection, not any OMUTCD provision. If a court were to find the ordinance and installation of the current intersection configuration unconstitutional, the City would have a clear legal duty to rectify its unconstitutional actions. Whether the City is required to take additional steps, like the installation of "No Pedestrian Crossing" signs, is irrelevant because such relief was not requested in appellants' complaint.
 {¶ 22} Finally, we stress that our analysis is unconcerned with whether appellants can actually prove the alleged constitutional violations underlying their action. A court may not use a motion for judgment on the pleadings, which is specifically intended to resolve questions of law, to summarily review the merits of a cause of action. Cf. Home BuildersAssn., supra, at 12 ("[A] motion to dismiss is not an opportunity for a trial judge to address the matter on its merits."); Robinson v. Office of Disciplinary Counsel (Aug. 26, 1999), Franklin App. No. 98AP-1431 ("A trial court may not use [a Civ.R. 12(B)(6)] motion to summarily review the merits of the cause of action.").
 {¶ 23} Accordingly, because appellants pled sufficient facts to state a claim for declaratory judgment and a writ of mandamus, we sustain appellants' first assignment of error.
 {¶ 24} For the foregoing reasons, we sustain appellants' first assignment of error and overrule appellants' second assignment of error. Consequently, we affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand for further proceedings in accordance with law and this opinion.
Judgment affirmed in part, reversed in part, and causeremanded.
Petree and McGrath, JJ., concur.
[1] Appellants seek monetary damages to compensate them for the alleged "loss in value of [their] property interests and [the] destruction of the previously quiet enjoyment of the residential character of the community." (Complaint, at ¶ 23.)
[2] R.C. 2744.02(B)(3), as amended by Am.Sub.S.B. No. 106, applies to appellants' action because their action accrued after April 9, 2003, the effective date of the amendment.
[3] In their brief, the City suggests that appellants failed to state a due process violation because the challenged governmental action did not effect a fundamental right. However, this court has previously determined that substantive due process protects non-fundamental rights, although governmental actions that infringe upon such rights receive only a rational-basis, and not strict-scrutiny, review. State v. Small, 162 Ohio App.3d 375,2005-Ohio-3813, at ¶ 14-16.